**UNITED STATES of America**

**v.**

**Michael O. MYERS et al.,**
**Defendants–Appellants.**

**In re Application of NATIONAL BROAD-CASTING COMPANY, INC., et al., Applicants–Appellees.**

**Docket 80–1345.**

United States Court of Appeals,
Second Circuit.

Argued Aug. 21, 1980.

Decided Aug. 22, 1980.

Neil I. Levy and Richard Ben–Veniste, Washington, D.C., for defendant–appellant Criden.

Henry Furst, Jersey City, N.J. (Raymond A. Brown, Jersey City, N.J., on brief), for defendant–appellant Errichetti.

John J. Duffy, Philadelphia, Pa., for defendant–appellant Johanson.

Plato Cacheris and Larry Gondelman, Washington, D.C., submitted a brief for defendant–appellant Myers.

Edward R. Korman, U.S. Atty., Brooklyn, N.Y., for the United States.

Floyd Abrams, New York City (Robert C. Meade, Cahill, Gordon & Reindel, J. Marshall Wellborn, National Broadcasting Companies, Inc., and Allen Shaklan, CBS Inc., New York City, on brief), for applicants–appellees National Broadcasting Co., American Broadcasting Companies, and CBS Inc.

Daniel Reznick, Washington, D.C., for Congressman Frank Thompson, Jr., as amicus curiae.

Before NEWMAN and KEARSE, Circuit Judges, and DUMBAULD,* District Judge.

NEWMAN, Circuit Judge:

In the course of a pending criminal trial of the first of the so–called Abscam cases, see *United States v. Myers,* 635 F.2d 932 (2d Cir. 1980), the District Court for the Eastern District of New York (George C. Pratt, J.) on August 15, 1980 granted an application by the three major television networks for the opportunity to copy videotape recordings introduced as evidence in the trial. Once copies have been made, the networks intend to televise the tapes, or portions of them, on network television. The tapes are alleged to depict episodes in which the defendants, appellants here, are accepting cash tendered by undercover agents of the Federal Bureau of Investigation and a private citizen who were all posing as representatives of wealthy Middle Eastern businessmen. The acceptance of this cash is the basis of bribery charges for which the defendants are currently on trial.

Judge Pratt stayed his ordered briefly to permit appellants to apply to this Court for further relief. On August 19, the four defendants filed a motion in this Court for a stay of Judge Pratt's order pending appeal of that order. On August 19, Judge Kearse, presiding at the panel hearing mo-

tions on that day, assigned the motion for hearing on August 21 before this panel, which had previously been scheduled to hear cases on the 21st. On August 20, 1980, this panel invited the parties to consider the appropriateness of arguing the merits of the appeal on the 21st with opportunity thereafter to file brief expanding upon their motion papers. In the absence of objection and in view of the networks' interest in a prompt resolution of the dispute, we converted the oral argument on the stay motion into an argument on the merits of the appeal and heard extended argument for two hours on August 21. At the conclusion of the hearing we advised the parties that we would continue the stay pending further order of this Court and would advise the parties expeditiously concerning the scheduling of further steps in connection with the appeal.

Though the immediate issue before us concerns only the duration of the stay and a briefing schedule for the appeal, we are setting forth the circumstances in which the matter arose and our reasons for the stay and scheduling order to be entered because even this narrow procedural step implicates some of the issues involved on the merits of the appeal, and has the effect of denying the networks at least a portion of the relief they seek on the merits.

The threshold claim of the networks is that we should not stay Judge Pratt's order and should permit it to go into effect now. Their ultimate claim is that we should affirm the order expeditiously and thereby permit it to go into effect at the earliest feasible time, which they especially urge should be prior to the conclusion of the pending criminal trial. The appellants urge us to continue the interim stay already granted until we have adjudicated the merits. They further contend we should accord time for filing briefs in support of their position on the merits of the appeal and ultimately reverse Judge Pratt's order. The Government urges us to stay Judge

---

* Honorable Edward Dumbauld of the United States District Court for the Western District    of Pennsylvania, sitting by designation.

Pratt's order only until the conclusion of the pending trial of the appellants, or, if we were to terminate the stay during the trial, to direct the District Judge to sequester the trial jury.

The following undisputed facts are relevant to our consideration of the immediate procedural issue. The pending trial is estimated to end early next week, most likely no later than August 27. The so-called Abscam "sting" operation has resulted in several indictments, two of which are pending and scheduled for trial in the Eastern District of New York and one of which is pending and scheduled for trial in the Eastern District of Pennsylvania. Appellant Criden is a defendant in all three of these pending indictments, appellant Johanson in two of them, and appellant Errichetti in one of them.

In our view Judge Pratt's order raises important and sensitive issues concerning the administration of criminal justice. The appellants present substantial arguments concerning their right to a fair trial in the pending trial and in the subsequent trials scheduled to occur this fall. The networks present substantial arguments concerning the public's right of access to exhibits entered into evidence in a public trial, in the form in which those exhibits have already been seen and heard by those members of the public attending the trial. The issues raised are not only important, but there is scarcely any authoritative precedent for their resolution. Perhaps the closest analogous situation, the litigation concerning public dissemination of the audio tape recordings entered in evidence during the trial of the principal Watergate defendants, *United States v. Mitchell*, 386 F.Supp. 639 (D.D.C. 1975); *United States v. Mitchell*, 397 F.Supp. 186 (D.D.C. 1975), *rev'd*, 551 F.2d 1252 (D.C. Cir. 1976), *rev'd sub nom. Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978), differs from this case in significant respects: that trial was completed, the defendants were not facing trial on subsequent indictments arising out of the same undercover operation underlying the charges in the initial trial, and the Supreme Court's resolution of the controversy ultimately turned on the availability of access procedures specifically created by Congress for the Watergate tapes, the Presidential Recordings and Materials Preservation Act, note following 44 U.S.C. § 2107 (1976). Thus, we are confronted with a matter far more complex than in typical situations where we are asked to stay or vacate an order entered in the course of a criminal trial by a trial judge exercising discretion in the light of reasonably well-settled governing principles.

Moreover, while we would feel a heavy obligation to act with the utmost dispatch if the claim of the networks involved a challenge to a prior restraint upon their right to televise material in their possession, *cf. United States v. New York Times Co.*, 444 F.2d 544 (2d Cir.) (*en banc*) (argued June 22, 1971, decided June 23, 1971), *rev'd*, 403 U.S. 713, 91 S.Ct. 2140, 29 L.Ed.2d 822 (1971), but see *id.* at 755, 91 S.Ct. at 2162 (Harlan, J., dissenting) ("The time which has been available to us, to the lower courts, and to the parties has been wholly inadequate for giving these cases the kind of consideration they deserve." (footnote omitted)), this case, though it may implicate First Amendment values, if not the operative force of that Amendment, does not involve any order denying the networks the right to televise anything in their possession. Indeed, one factor weighing heavily against precipitous disposition of the matter is that the public already has full access to the content of the videotapes in question. The public and the press had an opportunity to see and hear the tapes when they were played to the jury, and the networks have the unimpaired opportunity to inform their viewers of every word spoken on those tapes from verbatim transcripts that have been made available to them. Thus, a stay will not in any way curtail access to the content of public records nor in any way limit the news reporting of that content. What is at issue is the opportunity to disseminate the sounds and pictures of the videotaped episodes.

Nevertheless we recognize the reality that continuing the stay pending appeal and affording the parties even less than the usual time normally allotted for briefing the merits of the appeal will have the inevitable effect of denying the networks a portion of the relief they seek and which they have been granted by the District Judge—namely, the opportunity to televise copies of the videotapes during the pendency of the current trial. The networks urge that the news value of the videotapes in evidence in the pending trial will diminish after the completion of that trial.

We do not regard that consideration as sufficient to justify disposition of the merits of this appeal on the motion papers the parties were able to prepare in a three–day interval that included only one weekday. The considerations we have previously mentioned counsel against denying the parties at least some fair opportunity to brief the merits of the appeal and against imposing upon ourselves any obligation to reach a decision precipitously. Moreover, while we do not denigrate the networks' claim concerning the heightened news value of the tapes in evidence in the pending trial while it is still in progress, we think it fair to observe that the essential news value of the videotapes inheres in their relationship to the Abscam undercover operation and its results, rather than their portrayal of the particular congressman whose trial happens to be the first to begin. If the networks prevail in their quest to have Judge Pratt's order affirmed, the videotapes in evidence in the pending trial and, subject to individual variations not now foreseen, the tapes to be introduced in the subsequent trials within this Circuit, will be available for televising at a time when the news value of the Abscam operation can be confidently predicted to remain high.

In light of all of these considerations, we grant the parties until September 9 to file simultaneous briefs on the merits of the appeal and until September 15 to file simul-

taneous reply briefs,[1] and we continue the stay of Judge Pratt's order pending disposition of the appeal by this panel. We intimate no views on the merits of the appeal.

---

**1.** In view of the extensive oral argument on August 21, we are confident that the parties can anticipate their adversaries' contentions in simultaneous briefs. Reply briefs may be filed in letter form.