376 P.2d 146

**Wallace L. ROSANDER, Plaintiff and Appellant,**

v.

**Rex A. LARSEN, Defendant and Respondent.**

No. 9672.

Supreme Court of Utah.

Nov. 27, 1962.

George M. McMillan, John H. Allen, Salt Lake City, for appellant.

L. E. Midgley, Salt Lake City, for respondent.

CALLISTER, Justice.

Plaintiff was injured while working on a home which was being built by the defendant contractor for the plaintiff. Plaintiff, in his amended complaint, set forth three alternative causes of action: the first two in negligence and the third under the Workmen's Compensation Act.[1] At the pretrial hearing the lower court, upon motion of the defendant and over plaintiff's objection, required plaintiff to make an election as between the three causes. Plaintiff elected the third, whereupon the court granted defendant's motion to dismiss.

Rule 8(e) of our Rules of Civil Procedure[2] permits either party to plead in the alternative, either in one count or defense, or in separate counts or defenses. To require a party to make an election between the alternative counts or defenses, particularly at the pretrial stage of the proceedings, would be to emasculate the rule and render it meaningless.[3] We therefore conclude that the lower court, in the instant case, committed reversible error.

In view of the foregoing, it is not necessary to consider the merits of any of the three stated causes of action although it should be noted that the lower court, in its order of dismissal, indicated that the plaintiff, as a matter of law, could not recover under any of them.

It deserves mentioning that the plaintiff's deposition was taken in this action. Defendant in his brief makes reference to this deposition. However, the deposition as received by this court was still in the sealed envelope of the reporter. Under the circumstances we cannot consider its contents and must assume that it was not considered by the lower court.

Reversed and remanded for further proceedings. Costs to plaintiff.

WADE, C. J., and McDONOUGH, HENRIOD, and CROCKETT, JJ., concur.

1. 35–1–46, 57, U.C.A.1953.
2. This is identical with Rule 8(e) (2) of the Federal Rules.

3. 2 Moore's Federal Practice §§ 8.21, 8.32.