**David SANDERS, Appellant,**

v.

**Cliff DRANE, Appellee.**

Court of Appeals of Kentucky.

June 21, 1968.

Rehearing Denied Oct. 25, 1968.

that the trial court erroneously sustained appellee's motion for a new trial, and he asks that the former judgment be reinstated.

This is a very simple collision case. Appellee was driving his farm truck, loaded with corn, on U. S. Highway 60. He testified he intended to make a left-hand turn into a driveway; that he observed appellant's automobile approaching from the rear; that he gave an arm signal; but before he made his turn and while he was in his proper driving lane appellant collided with him. The only other eyewitnesses were appellant and two passengers in his car. They testified appellant intended to pass appellee's truck; that he sounded his horn and pulled over into the passing lane; and that while appellant's automobile was in the passing lane, the appellee, without giving any signal, started his turn and thereby caused the collision.

There can scarcely be a case involving a simpler, sharper issue for the jury to determine. If it believed appellee, appellant was at fault; if it believed appellant, appellee was at fault. The first jury believed appellant, and awarded him the amount of his repair bill. Thereupon appellee filed a motion for a new trial on the following grounds:

"1. Irregularity in the proceedings of the court, jury or prevailing party, or an order of the court, or abuse of discretion, by which the plaintiff was prevented from having a fair trial.

"2. Misconduct of the jury.

"3. Excessive damages, appearing to have been given under the influence of passion or prejudice or in disregard of the evidence or the instructions of the court.

"4. That the verdict is not sustained by sufficient evidence and is contrary to law.[1]

John B. Anderson, Owensboro, for appellant.

J. Henry Gibson, Paul D. Miller, Gibson & Miller, Hardinsburg, for appellee.

CLAY, Commissioner.

This motor vehicle collision case has been tried twice. At the first trial the jury awarded the defendant-appellant on his counterclaim the sum of $489.90 for damages to his automobile. The plaintiff-appellee moved for a new trial, and this motion was sustained. On the second trial the jury returned a verdict for appellee in the amount of $5,000 for personal injuries, plus his medical bill and repair bill. Appellant's principal ground for reversal is

1. Grounds 1, 2 and 4 are adopted almost verbatim from CR 59.01, but it would be much better practice to *particularize* the grounds by specifying in what respect prejudicial error was committed, as was done in the following ground 5.

"5. Errors of law occurring at the trial, and objected to by the plaintiff, and particularly:

A. Failure of the court to properly instruct the jury on the measure of damages to plaintiff's truck.

B. Failure of the court to exclude the testimony of one of defendant's witnesses, who was not a party to this action, who was allowed to testify, after the 'rule for separation of witnesses had been invoked', after he admitted that before testifying that he had read the depositions of the other witnesses and parties, all of which was properly objected to by plaintiff."

The order sustaining appellee's motion is as follows:

"Plaintiff's motion and grounds for a new trial coming on for hearing, and the Court being advised it is now ordered and adjudged that said motion and *each, everyone and all of said grounds* for a new trial be, and they are now sustained to all of which the Defendant objects and excepts." (Our emphasis)

We are somewhat perturbed about the stated basis of this ruling. Nothing in the record of the first trial indicates any irregularity in the proceedings, or an abuse of discretion. Nothing in the record even suggests misconduct of the jury. The damages awarded in the amount of $489.90, which was the exact amount of the repair bill, were obviously not excessive. We have carefully read all the evidence, and it was clearly sufficient to sustain the verdict. Such verdict was authorized by the instructions, and consequently it was not contrary to law.

Appellee's *brief* fails to specify a single fact, item, occurrence or reason in support of any ground set forth in his motion. That brief recites that "most everyone present was familiar with the misconduct of the jury," but what that misconduct was is a mystery. That brief recites the motion "was sustained upon the principal ground that the verdict was not sustained by sufficient evidence and was contrary to law", but as we have stated above, nothing in the record of the first trial supports such a ground.

■ From an examination of the record of the first trial and careful consideration of appellee's brief, we are unable to find a single reason justifying the granting of a new trial. Of course we recognize the trial judge has a broad discretion in granting a new trial, but there must be some basis for the exercise of that discretion. Chesapeake & O. Ry. Co. v. Salyers, 187 Ky. 144, 150, 218 S.W. 474. As we have noted above, this was a simple, uncomplicated collision case and the issue of liability was determinable by the jury on the basis of which party's evidence it believed was more credible. Each party was entitled to one fair trial, and as we read the record, both had it the first time around. See Gray v. Sawyer, Ky., 247 S.W.2d 496. We conclude it was error to grant appellee a second trial.

We deem it appropriate to comment on the last two grounds of appellee's motion for a new trial, although appellee, by failure to even mention them in his brief, in effect disclaims that the court could have justifiably granted a new trial on those grounds. (Appellant states in his brief that the first of those grounds (5A) was argued at the hearing on the motion for a new trial.)

■ Ground 5A is: "Failure of the court to properly instruct the jury on the measure of damage to plaintiff's truck." Appellant argues appellee did not adequately prove such damages (which were alleged in the complaint to be $150), and therefore the trial court was not required to instruct with reference thereto. However the most obvious answer to this allegation of error is that since the jury found *against* the plaintiff (appellee), the failure to give this minor damage instruction would not have been prejudicial; consequently, this would not have justified granting a new trial.

Ground 5B is in substance that CR 43.09 was violated because, after the judge had ordered a separation of the witnesses, one of appellant's witnesses read a deposition of another witness. It appears the deposition of one of the passengers in appellant's car had been taken for use at the trial (the witness being absent from the state). When the other passenger was giving his testimony he was asked, and admitted that he had read that deposition. The point raised in appellee's motion for a new trial is that this violated the purpose of separating witnesses under the provisions of CR 43.09.

Strict compliance with CR 43.09, formerly Civil Code section 601, is not a mandatory requirement. Thus we have held it not reversible error where the trial court, after ordering the separation of witnesses, permitted a witness to testify who had remained in the courtroom while other witnesses were testifying. Robertson v. Commonwealth, 275 Ky. 8, 120 S.W.2d 680. The purpose of the rule of course is to prevent a witness from being influenced by the testimony he hears given by other witnesses. While *reading* the testimony of another witness may have the same tendency to influence as *hearing* it, we must take a practical approach to the problem.

In a case of this sort, any competent lawyer in the preparation for trial will consult with his witnesses and seek to learn their versions of how the accident happened. Almost inevitably the lawyer will advise his witnesses on a particular point concerning what other witnesses in the same position observed. This is neces-sary and not improper trial practice. To show a witness a deposition of another witness is in the same category. As a matter of fact, depositions required to be filed in court under CR 30.06(1) become public records and are open to examination by anyone. To say that a witness who has read a deposition in a case is thereby disqualified from testifying would impair the proper administration of justice. The reading of another witness' unsworn statement would be just as reprehensible, if it were reprehensible. We do not think CR 43.09 should be extended to defeat good trial practice and the ultimate ascertainment of truth.

In this case, involving a single sharp issue of fact, the reading of another witness' deposition by the challenged witness could not have constituted the undue influence CR 43.09 was designed to prevent. Consequently the trial judge committed no error in declining to exclude the testimony of the challenged witness and this ground for a new trial was without merit.

Being of the opinion that appellee established no ground justifying the granting of a new trial, we believe the trial court erred in sustaining his motion therefor, and the judgment entered after the first trial was proper and should be reinstated.

The judgment is reversed for proceedings consistent with this opinion.

WILLIAMS, C. J., and EDWARD P. HILL, MILLIKEN, MONTGOMERY, PALMORE and STEINFELD, JJ.