Hillsborough
No. 7765

MELDRIM THOMSON, JR.

v.

KEVIN R. CASH & a.

August 1, 1977

*Malloy & Sullivan* and *James J. Barry, Jr.* (*Mr. Barry* orally), for the plaintiff.

*Orr & Reno* and *William L. Chapman* (*Mr. Chapman* orally), for State News Service, Andrew H. Merton, H. Joseph Hebert, Andrew H. Merton and The Associated Press, intervenors.

PER CURIAM. The issue in this case is whether the deposition of the plaintiff which has been filed with the clerk of the superior court is open to public inspection. We hold that it is.

The plaintiff who is the Governor of New Hampshire has brought a libel action against the defendants. His deposition was taken by defendants by agreement and was filed unsealed with the clerk on February 10, 1977, in connection with a motion for sum-

mary judgment to be filed by the defendants. Thomas Ferriter, a reporter for the State News Service, on February 11, 1977, requested and, after an informal hearing attended by counsel for plaintiff and defendants, was permitted to examine and take notes on the deposition. On February 14, Andrew H. Merton sought to examine the deposition in connection with an article on Thomson he was writing for *Esquire* magazine. After two informal conferences the court denied the request because of fair trial considerations but suggested that Merton and others interested file a motion that copies be furnished them. Such motions were filed and all questions of law raised by the motions were transferred by *Cann*, J.

The intervenors advance three bases for their claim: New Hampshire practice and common law principles, the Right to Know Law (RSA ch. 91-A (Supp. 1975)), and the first amendment to the Constitution of the United States. We do not reach the last two but rest our decision solely on the first basis.

■ The courts of New Hampshire have always considered their records to be public, absent some overriding consideration or special circumstance. Superior Court Rules 114 and 243 relating to probation reports and affidavits filed in marital cases respectively, provide for nondisclosure. Superior Court Rule 35C provides for protective orders with regard to discovery matters and makes provision that a deposition, after being sealed, be opened only by order of the court but only upon a showing of good cause. The existence of these rules implies that otherwise, absent special circumstances, those things which are filed in court in connection with a pending case are open to public inspection. This appears to be the almost universal rule dating from the earliest times. Annot., 175 A.L.R. 1260 (1948).

■■ Plaintiff argues that providing access to his deposition will endanger his right to a fair trial of his action by a fair and impartial jury. This is indeed a proper matter for consideration, as was recognized by the trial court. However, the plaintiff has the burden of proving that there is in fact a danger that his right to a fair and impartial trial will be endangered. The trial court was concerned that an article in *Esquire* magazine would have statewide circulation, including Hillsborough County, as opposed to the limited geographic circulation of the newspapers using the State News Service. However, there is no evidence in the record before

us that articles appearing in a magazine such as *Esquire* would be so widely read by people in Hillsborough County that it would be impossible to obtain a fair and impartial jury or that plaintiff's right to a fair trial would otherwise be jeopardized. *See State v. Laaman,* 114 N.H. 794, 331 A.2d 354 (1974).

The trial court properly kept the status quo in this case of first impression until the matter could be determined by this court. However, the plaintiff has wholly failed to meet his burden of proof and the motion of the intervenors should be granted.

*Remanded.*

BOIS, J., did not sit.