645 P.2d 982

STATE of New Mexico, ex rel. Jeff
BINGAMAN, Attorney
General, Petitioner,

v.

The Honorable W. John BRENNAN,
District Judge for the Second Judicial
District, Div. 14, Respondent.

No. 14160.

Supreme Court of New Mexico.

May 21, 1982.

Jeff Bingaman, Atty. Gen., Stephen
Westheimer, Asst. Atty. Gen., Santa Fe, for
petitioner.

Rodey, Dickason, Sloan, Akin & Robb,
Victor R. Marshall, Albuquerque, for
KOAT–TV–real party in interest.

Stephen H. Schiff, Dist. Atty., Stephen A. Slusher, Asst. Dist. Atty., Albuquerque, David C. Hughes, Ellen F. Gallegos, Governor's Organized Crime Prevention Commission, Albuquerque, amicus curiae.

## OPINION

DONNELLY, Judge.

Petitioner, on behalf of the State of New Mexico, seeks a writ of prohibition against the Honorable W. John Brennan to prevent Respondent from implementing an order granting KOAT–TV permission to inspect and copy wiretap recordings and other physical evidence utilized in the case of *State of New Mexico v. Reiner,* Criminal Cause No. 33679, District Court of Bernalillo County.

KOAT–TV filed a motion entitled "Motion for Access to Tapes and Other Materials Utilized in This Proceeding," in *State v. Reiner, supra.* The motion was heard by Respondent on February 8, 1982, and the court entered an order granting KOAT–TV access to:

a) each wiretap tape which contains any information that was quoted in any affidavit or other document submitted to the District Court seeking an order for the wiretapping of any of the defendants in this case; b) each wiretap tape which contains any information that was quoted in any affidavit or other document submitted to the District Court seeking a search warrant for the premises or property of any of the defendants in this case; and c) each wiretap tape which contains any information that was read during the hearing on Defendants' Motion to Suppress in this case.

"Access" shall include the right to listen to or copy all or parts of each of the tapes above.

The order entered by Respondent further prohibited KOAT–TV from making public portions of wiretap recordings which identified or involved persons other than the defendants in the criminal case. Following a motion for rehearing on February 17, 1982, on behalf of the State of New Mexico and the City of Albuquerque, an amended order was issued by Respondent, modifying the court's prior order and granting KOAT–TV access to the wiretap tapes, but denying KOAT–TV access to any recorded conversations containing the voices of persons other than the defendants.

Beginning in September, 1979, and at various times thereafter, the New Mexico Attorney General and the Albuquerque Police Department sought and obtained a series of court-ordered wiretaps in the Albuquerque area. The wiretaps were approved by the district court in conjunction with pending law enforcement investigations into alleged instances of commercial gambling. The wiretaps were issued under the provisions of the New Mexico Abuse of Privacy Act, §§ 30–12–1 to 30–12–14, N.M. S.A.1978 (Orig.Pamp. & Cum.Supp.1981).

The tape recordings of the wiretaps obtained from the investigation were subsequently ordered sealed by order of District Judge Jack Love of the Second Judicial District. The order also directed that the tape recordings be placed for safekeeping in the evidence storage room of the Albuquerque Police Department.

As a result of the investigation, evidence was presented to a Bernalillo County grand jury and indictments were returned against five named defendants. These indictments resulted in a criminal prosecution, *State v. Reiner, supra,* which Respondent was assigned to hear. On March 6, 1981, Respondent heard motions filed by the defendants seeking to suppress certain evidence and seeking return of property of the defendants in the criminal proceeding.

During the hearing conducted by Respondent on the motion to suppress, certain documents were entered into evidence and became a part of the court record. Among these documents were applications in support of orders permitting wiretaps, which quoted portions of recorded conversations previously obtained pursuant to other wiretaps.

At the suppression hearing, none of the wiretap recordings were unsealed, marked as exhibits, offered or entered into evi-

dence. The wiretap recordings in issue were not played in open court, nor inspected by the trial judge *in camera.* At the conclusion of the hearing, defendants' motion to suppress evidence was denied by the Respondent. Thereafter, each of the outstanding criminal charges against the five named defendants were disposed of pursuant to a plea and disposition agreement. No appeals were taken and no further charges are presently outstanding.

Because the issues raised by Petitioner herein involve matters of first impression and present matters of significant public interest concerning the Abuse of Privacy Act and media access to judicial records, we granted Petitioner's application for alternative writ of prohibition to consider the important issues raised.

■ The right to inspect and copy judicial records was recognized at common law. *See, e.g., Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). This right encompasses not only documentary and written records but also has been expanded to apply to videotapes, tape recordings and other electronic evidence. *United States v. Mitchell,* 551 F.2d 1252 (D.C.Cir.1976), *rev'd. on other grounds sub nom., Nixon v. Warner Communications, Inc., supra; United States v. Myers,* 635 F.2d 942 (2d Cir. 1980); *see also State ex rel. Newsome v. Alarid,* 90 N.M. 790, 568 P.2d 1236 (1977); *Ortiz v. Jaramillo,* 82 N.M. 445, 483 P.2d 500 (1971).

As stated in *Application of National Broadcasting Co., Inc.,* 635 F.2d 945, 952 (2d Cir. 1980):

[T]here is a presumption in favor of public inspection and copying of any item entered into evidence at a public session of a trial. Once the evidence has become known to the members of the public, including representatives of the press, through their attendance at a public session of the court, it would take * * * extraordinary circumstances to justify restrictions on the opportunity of those not physically in attendance at the courtroom to see and hear the evidence, when it is in a form that readily permits sight and sound reproduction.

In *United States v. Hubbard,* 650 F.2d 293 (D.C.Cir.1980), recognition was given, however, to the principle that the right to inspect and copy judicial records is not absolute, but is coupled with certain well recognized exceptions. In *Hubbard, supra,* quoting *Nixon v. Warner Communications, Inc., supra,* it was observed:

Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes. For example, the common-law right of inspection has bowed before the power of a court to insure that its records are not 'used to gratify private spite or promote public scandal' through the publication of 'the painful and sometimes disgusting details of a divorce case.' Similarly, courts have refused to permit their files to serve as reservoirs of libelous statements for press consumption, or as sources of business information that might harm a litigant's competitive standing.

650 F.2d at 315.

■ The right of media access to judicial records serves the important function of ensuring the integrity of judicial proceedings and the law enforcement process. *United States v. Hubbard, supra.* This right of access and inspection, however, may be limited by special circumstances and the exercise of sound discretion of the trial court. *See In re Nat. Broadcasting Co., Inc.,* 653 F.2d 609 (D.C.Cir.1981). The right of inspection by the media does not extend beyond that available to the public generally. *Branzburg v. Hayes,* 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972); *Combined Communications Corp. v. Finesilver,* 672 F.2d 818, 821 (10th Cir. 1982).

■ Under the Abuse of Privacy Act, recordings of court ordered wiretaps are not public records unless such recordings are played or utilized in open court in criminal or civil actions. The Act imposes, *inter alia,* certain limitations designed to protect the privacy of innocent parties and to provide security for ongoing criminal investi-

gations. Under the Act, the contents of intercepted wire or oral communications, or evidence derived therefrom, may "not be received in evidence or otherwise disclosed in any trial, hearing or other proceeding in a state court unless each party, not less than ten days before the trial, hearing or proceeding has been furnished with a copy of the court order and accompanying application, under which the interception was authorized or approved." § 30–12–8(A). The Act further authorizes an aggrieved person to move to suppress the contents of such wiretap where the evidence at issue was not lawfully obtained. § 30–12–8(B). The Act additionally mandates that the contents of wiretaps or recorded communications be sealed, unless utilized in court proceedings or necessary for use in criminal investigations. §§ 30–12–7, 30–12–8, 30–12–9.

■ Physical evidence, documents, wiretaps and video recordings which are not marked as exhibits or received into evidence are not public records. Neither are items submitted for court perusal for *in camera* inspection. *See* N.M.R.Evid. 510(c), N.M.S.A.1978. The right of the press to copies of evidentiary materials does not arise until the materials become part of the public record or are played in open court. *United States v. Alberico*, 604 F.2d 1315 (10th Cir. 1979); *United States v. Gurney*, 558 F.2d 1202 (5th Cir. 1977); *United States v. Haimowitz*, 7 Media L.Rptr. 1111 (M.D.Fla. 1981); *United States v. Dean*, 7 Media L.Rptr. 1405 (S.D.Ga.1981); *United States v. Reiter*, 7 Media L.Rptr. 1909 (D.Md.1981); *In re Griffin Television*, 7 Media L.Rptr. 1947 (N.D.Okla.1981); *see also Annot.*, 39 A.L.R.Fed. 871 (1978).

■ Any determination of whether items of evidence are properly subject to public inspection and copying must necessarily consider the likelihood of injury to parties not involved in the particular case at bar. As stated in *In re Nat. Broadcasting Co., Inc., supra*, at 619, "Possible injury to innocent third persons is certainly a factor that may properly be taken into account by the district courts in passing upon applications

to copy and inspect judicial records." Similarly in the case of videotapes used to present testimony of children in cases involving charges of sexual abuse, the legislature has expressly provided that the tapes are subject to protective orders of the court to protect the victim's privacy. § 30–9–17(E), N.M.S.A.1978. Also under the Children's Code, § 32–1–45, N.M.S.A.1978 (Repl.1981) by legislative provision, the court may in appropriate instances seal court records, including law enforcement files and records.

In cases involving wiretaps obtained under the Abuse of Privacy Act, to protect the rights of third parties, the Act mandates that the court give notice to the affected parties prior to release of such material, and if necessary delete objectional portions thereof. §§ 30–12–10, 30–12–8. In *In re Nat. Broadcasting Co., Inc., supra*, the court was confronted by issues closely paralleling those herein and requiring the extension of protection for the rights of innocent parties. There the court stated:

We are * * * mindful of the harm to innocent third persons which could flow from public dissemination of libelous or other harmful material contained in the tapes. Accordingly, we direct the district court on remand to order the deletion of [certain] * * * reference[s] * * * and to receive any objections which innocent third persons mentioned on the tapes might make to release of those portions of the tapes which contain objectionable material. Such objections should be considered in light of the principles set forth in this opinion. If the objections are found to be meritorious, the district court may sanitize the objectionable portions of the tapes to remove the offending remarks or order that the identity of the innocent third person be deleted.

653 F.2d at 620.

■ Release of material intercepted pursuant to the New Mexico Abuse of Privacy Act not received into evidence or utilized in actual court proceedings before Respondent, is beyond the scope of the limited use and disclosure permitted by the Act. Except

those matters actually introduced into evidence or utilized in open court in the proceedings below, the materials covered in the amended order issued by Respondent were contrary to the Abuse of Privacy Act and not subject to disclosure.

The writ of prohibition heretofore entered by this court herein against Respondent is made permanent consistent with this opinion.

IT IS SO ORDERED.

EASLEY, C. J., and FEDERICI, J., concur.