### C.P.C. PARTNERSHIP BARDOT PLASTICS, INC.

v.

### P.T.R., INC., et al.

### Civ. A. No. 81–1229.

United States District Court,
E.D. Pennsylvania.

Dec. 2, 1982.

Jeffrey D. Millaway, Hayward Raab & Millaway, King of Prussia, Pa., Edward F. Connors, Washington, D.C., for plaintiff.

Jack S. Fox, Garden City, N.Y., for defendants.

## MEMORANDUM

GILES, District Judge.

Before me is defendant Nosco Plastic's motion to reconsider the court's previous ruling of October 13, 1982. That order denied Nosco's motion to require plaintiffs to file the transcripts of oral depositions taken by plaintiffs in this proceeding along with the exhibits marked for identification therein.

Rule 30(f) of the Federal Rules of Civil Procedure provides, *inter alia*, that depositions shall be promptly filed with the court, that the party taking the deposition shall give prompt notice of its filing to all other parties, and that upon request of a party, exhibits produced during the examination shall be marked for identification and annexed to the deposition.[1] While the language of the Rule makes it the duty of the

reporter taking the deposition to file it, apparently, following a practice in the Eastern District of Pennsylvania, the reporter gave the attorney who noticed the deposition the original and a copy of the transcript with the understanding that the attorney would file the original with the court. *See* affidavit of Jack S. Fox, filed October 19, 1982. *See also* Plaintiffs' Memorandum in Opposition to this Motion at 3, filed October 28, 1982. The depositions of Gerald D. Munshower and Louis R. Toto were taken. Plaintiffs have yet to file the transcripts of the depositions and the exhibits.

Since any party to an action, or, indeed, any member of the public, is entitled to review the entire file of record by coming to the Clerk's office, plaintiff's assertion that defendant Nosco has a "defense strategy ... not to pay for any depositions but to review them in the courthouse" is meaningless. It is similarly irrelevant that at the taking of the deposition, defendant may have instructed the court reporter not to furnish him with copies of the depositions. Upon payment of reasonable fees, defendant Nosco could obtain its own copies of the depositions, Rule 30(f)(2) Fed.R. Civ.P., but this is simply a more expensive substitute for defendant's right to read the officially filed copies at the courthouse. Failure of the plaintiffs to file the transcripts deprives the defendant of this right. Plaintiffs' position is not ameliorated by their willingness to provide Nosco with a copy of the depositions if Nosco pays plaintiffs what they paid to the court reporter.

Finally, plaintiff's assertion that depositions are not available for general inspection because Rule 30(f)(1) requires them to be "securely sealed" in an envelope prior to filing, is meritless. The requirement that a deposition be "securely sealed" and properly marked is not a mandate for

1. Rule 30(f)(1)(B) also provides that the originals of exhibits may be marked for identification after the parties are afforded an opportunity to inspect or copy them, in which case the materials may be used in the same manner as if annexed to the deposition. It appears the parties may have had an agreement to take advantage of this provision and thereby maintain possession of their own exhibits until trial. The advantageous aspects of this provision, however, have been entirely negated by the parties' inability to cooperate with each other.

secrecy but rather a safeguard for the integrity and identification of the many depositions filed with the court. Though not specified in the Federal Rules, a deposition is deemed published when filed, unless through a protective order, the court orders a deposition to be sealed and impounded. *See* 4A Moore's Federal Practice ¶ 30.63[7] (2d ed. 1982).

An appropriate order follows.

### ORDER

AND NOW, this 2nd day of December, 1982, upon consideration of defendants' Motion for Reconsideration filed October 19, 1982, and plaintiff's response thereto, it is hereby ORDERED that:

1.   By December 9, 1982, plaintiffs shall file with the Clerk of the Court the originals of the transcripts of depositions of Gerald D. Munshower and Louis R. Toto, exhibits identified therein as well as any other depositions taken by the plaintiff which have not already been filed.

2.   By December 13, 1982, defendant Nosco Plastics, Inc., shall file with the court all exhibits to be used at trial.

3.   By December 15, 1982, plaintiffs shall file with the court all exhibits to be used at trial (other than the physical evidence such as the various mushroom baskets).

4.   Failure of parties to comply with this order shall result in sanctions which may include the preclusion of certain evidence at trial.