**TRAIL MOUNTAIN COAL COMPANY, a California corporation, Plaintiff and Respondent,**

v.

**ARCO COAL SALES COMPANY, a Delaware corporation, and Beaver Creek Coal Company, a Delaware corporation, Defendants, Third–Party Plaintiffs and Appellants,**

v.

**NEVADA POWER COMPANY, a corporation, Third–Party Defendant and Respondent.**

No. 860636.

Supreme Court of Utah.

Jan. 7, 1988.

John A. Snow, David L. Deisley, Salt Lake City, Thomas F. Linn, Denver, Colo., for Arco Coal Sales Co. and Beaver Creek Coal Co.

William B. Bohling, Randall N. Skanchy, Salt Lake City, for Trail Mountain Coal Co.

Elliott Lee Pratt, Edwin C. Barnes, Salt Lake City, for Nevada Power Co.

HOWE, Justice:

Defendants Arco Coal Sales Company and Beaver Creek Coal Company bring this interlocutory appeal from an order denying their motion to compel production by third-party defendant Nevada Power Company (NPC) of transcripts of depositions taken by plaintiff Trail Mountain Coal Company of NPC witnesses in a separate but related federal lawsuit. The trial court denied the motion on grounds that the depositions were attorney work product developed in anticipation of litigation.

The relationships between the parties in this action are defined by three separate contracts for the sale of coal either directly or ultimately to NPC. A contract between Trail Mountain, as seller, and Beaver Creek, as buyer, explicitly named NPC as the ultimate consumer of the coal to be supplied under the contract which required that the coal be "of a quality satisfactory for use in the coal fired units of the Reid Gardner Station of the Nevada Power Company." As contemplated by this contract, Beaver Creek entered into a separate contract with NPC to provide it 275,000 tons of coal per year for fifteen years. The third contract was between Trail Mountain and NPC, requiring Trail Mountain to sell 300,000 tons of coal per year to NPC for a period of fifteen years. This contract required "specific quality" coal with a maximum of 3 percent sodium oxide in the ash.

In March 1984, NPC refused delivery of coal under the Trail Mountain–NPC contract, alleging that it did not satisfy the sodium oxide limit of NPC, and ultimately terminated the contract. Trail Mountain brought action against NPC in federal court for breach of contract. Pursuing this federal action, Trail Mountain deposed NPC witnesses. The depositions were taken subject to a protective order and were filed under seal with the federal court. The federal action was settled before trial, and the depositions were never published.

After receiving notice that NPC refused the Trail Mountain coal under the Trail Mountain–NPC contract, Beaver Creek demanded assurances from Trail Mountain that the coal to be supplied under the Trail Mountain–Beaver Creek contract would satisfy the quality requirements of the contract. When Trail Mountain failed to respond, Beaver Creek treated the contract as repudiated and refused to purchase the coal, resulting in the instant state court action against Beaver Creek and Arco Coal Sales Company, which allegedly wrongfully induced Beaver Creek to breach the contract. Arco and Beaver Creek sought to discover the transcripts of the depositions of NPC witnesses which had been taken by Trail Mountain in the federal action. Trail Mountain was willing to comply with the discovery request, but NPC objected, argu-

ing that the transcripts constituted their attorney work product.

The trial court relied on *Donut Shops Management Corp. v. Mace*, 23 Fed.R. Serv.2d 195 (Callaghan) (E.D.Va.1977), in denying a motion by Beaver Creek to compel production, ruling that the taking of discovery depositions for use during trial and/or settlement is an integral part of trial preparation and is work product. The court in *Donut Shops*, relying on *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), held that deposition transcripts from a separate but related action were attorney work product. We believe this to be a misapplication of the "work product doctrine." This Court has recognized that *Hickman* stands for the proposition that discovery should be liberally permitted when it will serve to "secure the just, speedy, and inexpensive determination of every action." *State Road Commission v. Petty*, 17 Utah 2d 382, 412 P.2d 914 (1966). The "work product doctrine" is a narrow exception to the liberal scope of discovery.

Depositions taken by and in the presence of an adversary, by their very nature, do not come within the protection of the work product doctrine. They are taken in the open pursuant to either federal or state civil rules of procedure. In some instances, they are admissible at trial. Utah R.Civ.P. 32. The concern of the Court in *Hickman* was the protection of "the privacy of an attorney's course of preparation." *Hickman*, 329 U.S. at 512, 67 S.Ct. at 394. This narrow exception should not be extended beyond what is necessary to fulfill its purpose. The presence of one's adversary in the deposition proceeding destroys any notion of privacy. Though Trail Mountain and NPC are no longer adversaries, they were when the depositions were taken, and as a result, there is no work product privilege which can attach to the transcripts. We so hold, even though the depositions were taken under a protective order of the federal court and were not published in that action and even though the witnesses deposed are now available and could be deposed anew by Beaver Creek. If continued protection is needed to prevent disclo-

sure of the contents of the depositions to persons not parties to the instant action, the trial court may properly consider granting that protection.

The order of the trial court denying Arco and Beaver Creek's motion to compel is reversed, and the case is remanded to the trial court with directions to order the production of the deposition transcripts.

HALL, C.J., STEWART, Associate C.J., and DURHAM and ZIMMERMAN, JJ., concur.