Janice Faye CARTER, et al.,
Plaintiffs and Appellees,

v.

UTAH POWER & LIGHT COMPANY, a
Utah corporation, and Savage Industries, Inc., a Utah corporation, Defendants and Appellants.

Society of Professional Journalists, KUTV, Inc., Kearns–Tribune Corp., Deseret News Publishing Co., The Standard Corp., Bonneville International, Inc., and United Television, Inc., Intervenors and Appellees.

No. 870340.

Supreme Court of Utah.

Oct. 22, 1990.

Stephen B. Nebeker, Keith A. Kelly, Robert Gordon, David A. Westerby, Michael G. Jenkins, Salt Lake City, for Utah Power & Light Co.

W. Brent Wilcox, Edward B. Havas, Salt Lake City, for plaintiffs Carter and Hamlin.

Ross C. Anderson, Salt Lake City, for Society of Professional Journalists, KUTV, Inc., Kearns–Tribune Corp., Deseret News Pub. Co., The Standard Corp., Bonneville Intern., Inc., United Television, Inc.

Edward P. Moriarity, Jackson, Wyo., and Lynn C. Harris, Provo, for plaintiffs Wilsey, Snow and Howard.

Stewart M. Hanson, Jr., Fred R. Silvester, Virginius Dabney, Barbara Anne Dabney, Salt Lake City, for plaintiffs Nevitt, Hersh and Jennings.

Robert D. Moore, James R. Black, Salt Lake City, for plaintiffs Bell and Bocook.

Aaron Alma Nelson, Salt Lake City, and George S. Diumenti, Bountiful, for plaintiff Christensen.

Stanford B. Owen, Jamis M. Johnson, Salt Lake City, for plaintiff Conover.

Gary E. Atkin, David C. Anderson, Salt Lake City, for plaintiff Waldoch.

Joane Pappas White, Price, for plaintiffs Anna Cingolani.

S. Rex Lewis, Provo, for plaintiff Joan Cingolani.

Raymond M. Berry, Robert H. Henderson, Joy L. Sanders, Salt Lake City, for defendant Savage Industries.

Raymond J. Etcheverry, Salt Lake City, and James Jensen, Price, for Emery Min.

H. Wayne Wadsworth, Salt Lake City, for Ingersoll–Rand Co.

ZIMMERMAN, Justice:

Utah Power & Light ("UP & L") appeals from an order entered by the district court for the fourth judicial district granting the motion of the Utah Chapter of the Society of Professional Journalists, KUTV, Inc., Bonneville International, Inc., United Television, Inc., Kearns–Tribune Corp., Deseret News Publishing Co., and The Standard Corp. (hereinafter collectively referred to as "the media") for access to filed pretrial depositions. UP & L argues, *inter alia,* that the district court erred in holding that depositions filed with the court but not used in the litigation are public court records. We affirm the district court's order granting access to the depositions.

In *Carter v. UP & L,* the surviving spouses and children of twenty-six[1] coal miners killed in a fire in the Wilberg Mine sued UP & L alleging that the miners' deaths resulted from UP & L's negligence. After much discovery, including almost two hundred depositions, the case was settled in February of 1987. In April of 1987, the media filed a motion to intervene in *Carter,* seeking access to portions of the record. Specifically, they sought the settlement agreements and portions of the depositions relating to UP & L's possible responsibility for the fire and the consequent deaths of the twenty-six miners.

The media's motion to unseal the judicial records was bifurcated, and Judge Harding was assigned the portion of the motion relating to the settlement documents he had previously ordered sealed. He denied that part of the motion, a ruling that is not before us.

Judge Christensen was assigned the portion of the motion relating to the depositions. The depositions had been filed with the Utah County clerk, but had not been used by the litigants in court. The depositions were withheld from public inspection solely by reason of the clerk's understanding of Utah Rule of Civil Procedure 30(f)(1), which provides that depositions shall be "securely seal[ed]" in an envelope by the officer taking the deposition before filing it with the clerk of the court.[2] UP & L objected to the media's motion to disclose the contents of the depositions, arguing, apparently in accordance with the clerk's practice, that filing sealed depositions with a court does not subject them to public inspection. It also contended that publication of the depositions might prejudice product liability suits it is pursuing against various companies whose products may have contributed to the disaster.

Judge Christensen filed a memorandum decision granting disclosure. He first found that there is a public right to inspect court records based on sections 78–26–1 and 78–26–2 of the Code, which are portions of the Utah Public and Private Writings Act ("the Act"). *See* Utah Code Ann. §§ 78–26–1 to –8 (1987). These sections provide that every citizen has a right to inspect any "public writing," and the statute defines "public writings" as including "judicial records." Utah Code Ann. § 78–26–1, –2 (1987). The term "judicial records" is not defined in the statute, nor has it been defined by prior case law.[3]

---

1. There is a discrepancy in the record as to the number of miners killed in the fire. In its memorandum decision, the trial court found that the issues in this case arose from the deaths of twenty-six miners in the mine fire. News accounts, some of which are included in the record, refer to the deaths of twenty-seven miners.

2. Rule 30(f)(1) states in part:

    The officer shall certify on the deposition that the witness was duly sworn by him and that the deposition is a true record of the testimony given by the witness. Unless otherwise ordered by the court, he shall then se-

curely seal the deposition in an envelope endorsed with the title of the action and marked "Deposition of [here insert name of witness]" and shall promptly file it with the court in which the action is pending or send it by registered or certified mail to the clerk thereof for filing.
Utah R.Civ.P. 30(f)(1).

3. UP & L makes the argument that we have already decided the issue. For that proposition, they rely upon cases in which we have found such depositions not to be part of the record on appeal. *E.g., Thompson v. Ford Motor Co.,* 14 Utah 2d 334, 384 P.2d 109 (1963); *Reliable Furniture Co. v. Fidelity and Guar. Ins. Underwriters*

Therefore, Judge Christensen looked to the Code of Judicial Administration, the Utah Rules of Civil Procedure, and the common law in coming to the conclusion that filed, sealed depositions are "judicial records" and subject to inspection. The judge then held that this statutory right of inspection can be restricted for good cause shown under the protective order provision of Utah Rule of Civil Procedure 26(c). He concluded that UP & L had not made such a showing with respect to its claim of harm to its pending products liability claims litigation and ordered the depositions made public.

On appeal, UP & L does not challenge the trial court's finding that it has not made a rule 26(c) showing of good cause that would justify issuance of a protective order. It does, however, attack the court's conclusion that filed, sealed deposition transcripts are "judicial records" under the Act. Therefore, this appeal presents only questions of law. We review a trial court's conclusions of law under a correctness standard and accord them no particular deference. *E.g., Transamerica Cash Reserve, Inc. v. Dixie Power & Water, Inc.,* 789 P.2d 24, 25 (Utah 1990); *Scharf v. BMG Corp.,* 700 P.2d 1068, 1070 (Utah 1985).

■ It is important at the outset to observe that the question presented is only whether the public has a "right to inspect and take a copy" of sealed deposition transcripts filed with the court, a right that can, in effect, be overcome by a showing of the good cause necessary to secure a protective order from the court. There is nothing in the Act which suggests that the protective order provisions of Utah Rule of Civil Procedure 26(c) do not apply to judicial records.[4] *See* Utah R.Civ.P. 26(c).

■ In determining whether the depositions at issue fall within the term "judicial records" as it is used in the Act, we look to a variety of sources, as Judge Christensen did. In reviewing those sources, our point of departure is the legislative policy, embodied in the Act, that records in the hands of public agencies should be available for inspection by the public unless there is a good reason for keeping them from public view. *KUTV v. Board of Educ.,* 689 P.2d 1357, 1360–61 (Utah 1984). This policy suggests that if we find a split of relevant authorities on the question of the public availability of sealed, filed depositions, we should follow those authorities that favor public access.

In his memorandum decision, Judge Christensen relied on rule 4–1(1) of the Code of Judicial Administration, promulgated in 1986. The stated intent of the rule is to "adopt uniform guidelines for the dissemination of information from court records." Utah Code Judicial Admin.R. 4–1.[5] The rule provides that "judicial records which are public writings" include, *inter alia,* "casefiles." Utah Code Judicial Admin.R. 4–1(1). Certain items within

---

*Inc.,* 14 Utah 2d 169, 380 P.2d 135 (1963); *Rosander v. Larsen,* 14 Utah 2d 1, 376 P.2d 146 (1962). It is true that these cases involved refusals by the court to consider on appeal depositions that were not considered by the trial court, as evidenced by the fact that they were never unsealed. These cases do not aid UP & L's cause. The fact that we consider on appeal only those materials the trial court actually took into account says nothing about whether certain documents are "judicial records" for the purposes of the disclosure act.

**4.** Contrary to Justice Stewart's view of the Act, there is nothing to indicate that the legislature intended by its passage to preclude the application of the protective order provisions of Utah Rule of Civil Procedure 26(c) to particular documents that fall within the general definition of public records under the Act. Such an effect could fundamentally interfere with an individual court's management of a particular case. Given the fact that the Utah Constitution places with this court the authority to promulgate rules of procedure and places certain limitations on the legislature's alterations of those rules, *see* Utah Const., art. VIII, § 4, we certainly will not find that the legislature has intended to alter the operation of the rules of procedure absent a clear statement to that effect. Therefore, today we harmonize the provisions of rule 26 with the Act by viewing the Act as intended to apply to filed documents in the absence of a specific order of a court to the contrary.

**5.** The corresponding provision in the current rules is found in section 4–202. Utah Code Judicial Admin.R. 4–202 (1990).

casefiles are defined by the rule to be private writings not available to the public. This listing does not include sealed, filed depositions. Utah Code Judicial Admin.R. 4–1(2). While it may be true, as UP & L argues, that a subsequently promulgated administrative rule should not control the interpretation given a statutory term, the fact remains that the Judicial Council has constitutional authority to promulgate rules "for the administration of the courts of the state." Utah Const. art. VIII, § 12. At a minimum, rule 4–1(1) represents a statement of what a body of judges charged with fixing such rules views as the appropriate dividing line between materials that generally should be available to the public and those that should not. The council has drawn that line so as to make the documents at issue publicly available. That is certainly a fact to be accorded some weight in deciding how such documents should be treated under the Act, and it weighs in favor of a presumption of disclosure.

Judge Christensen also looked to the common law from other jurisdictions and there found support for the proposition that filed, sealed depositions have generally been presumed available to the public. In fact, the cases are fairly evenly split on the question.[6] Judge Christensen took great pains to distinguish the cases finding filed pretrial depositions to be private. We see no need to belabor this point. We recognize that there are cases that go against us. The fact that the common law in other jurisdictions splits on the issue, and the precise balance of that split, is simply one more factor to be weighed in deciding how

sealed, filed depositions should be treated under the Act.

In our view, the Federal Rules of Civil Procedure and their Utah counterpart support the view that a filed deposition is public. Several rules imply that once filed, discovery is public. For example, rule 5(d) of the Utah Rules of Civil Procedure states:

> All papers after the complaint required to be served upon a party shall be filed with the court either before service or within a reasonable time thereafter, *but the court may* upon motion of a party or on its own initiative *order that depositions,* interrogatories, requests for documents, requests for admission, and answers and responses thereto *not be filed* unless on order of the court or for use in the proceeding.

Utah R.Civ.P. 5(d) (emphasis added).

An advisory committee note to federal rule 5(d), which is substantially similar to the Utah rule and which was the model for the Utah rule, explains the provision allowing the court to enter an order that certain discovery materials not be filed:

> Because copies required for filing are an added expense and the large volume of discovery filings presents serious problems of storage in some districts, the Committee in 1978 first proposed that discovery materials not be filed unless on order of the court or for use in the proceedings. *But such materials are sometimes of interest to those who may have no access to them except by a requirement of filing,* such as members

---

6. *See, e.g., Gannett Co. v. DePasquale,* 443 U.S. 368, 396, 99 S.Ct. 2898, 2913, 61 L.Ed.2d 608 (1979) ("[D]uring the last 40 years in which the pretrial processes have been enormously expanded, it has never occurred to anyone, so far as I am aware, that a pretrial deposition or pretrial interrogatories were other than wholly private to the litigants.") (Burger, C.J., concurring); *United States v. Anderson,* 799 F.2d 1438 (11th Cir.1986), *cert. denied,* 480 U.S. 931, 107 S.Ct. 1567, 94 L.Ed.2d 760 (1987); *Anderson v. Cryovac, Inc.,* 805 F.2d 1 (1st Cir.1986); *United States v. Beckham,* 789 F.2d 401 (6th Cir.1986); *In re Reporters Committee for Freedom of the Press,* 773 F.2d 1325 (D.C.Cir.1985). For support of the position that filed depositions are public, see *Wilson v. American Motors Corp.,* 759 F.2d 1568, 1569–71 (11th Cir.1985) (per cu-

riam); *Lewis R. Pyle Mem. Hosp. v. Superior Court,* 149 Ariz. 193, 197, 717 P.2d 872, 876 (1986); *Ocala Star Banner Corp. v. Sturgis,* 388 So.2d 1367, 1371 (Fla.Ct.App.1980); *Sanders v. Drane,* 432 S.W.2d 54 (1968). Additionally, secondary sources seem to lean in favor of public availability. Wright and Miller, experts on federal civil procedure, write: "Ordinarily a deposition is a public document freely open to inspection after it is filed with the clerk." 8 Wright & Miller, *Federal Practice and Procedure, Civil* § 2042 (1970). And another national treatise states: "In view of the definition of a court record as a memorial or history of judicial proceedings ... it is held that pleadings and depositions ... constitute part of the record." 21 C.J.S. *Courts* § 226 (1940) (footnotes omitted).

of a class, litigants similarly situated, or *the public generally.* Accordingly, this amendment and a change in Rule 30(f)(1) continue the requirement of filing but make it subject to an order of the court that discovery materials not be filed unless filing is requested by the court or is effected by parties who wish to use the materials in the proceeding.

Advisory Committee Notes to Fed.R.Civ.P. 5(d) (1980) (emphasis added).[7] The italicized material clearly presumes that filing is the touchstone for public access. *See In re Agent Orange Product Liability Litigation,* 104 F.R.D. 559, 571–72 (E.D.N.Y. 1985), *aff'd,* 821 F.2d 139 (2d Cir.1987).

UP & L attempts to enlist the support of Utah Rule of Civil Procedure 30(f)(1) for its argument that depositions filed with the court are not public until used in an adjudication. That rule states:

The officer shall certify on the deposition that the witness was duly sworn by him and that the deposition is a true record of the testimony given by the witness. Unless otherwise ordered by the court, *he shall then securely seal the deposition in an envelope endorsed with the title of the action and marked "Deposition of [here insert name of witness]" and shall promptly file it with the court in which the action is pending* or send it by registered or certified mail to the clerk thereof for filing.

Utah R.Civ.P. 30(f)(1) (emphasis added). We find UP & L's position unpersuasive. This sealing provision is not a mandate for secrecy, but rather is to safeguard the integrity of depositions. *See C.P.C. Partnership Bardot Plastics v. P.T.R., Inc.,* 96 F.R.D. 184, 185–86 (E.D.Pa.1982); Note, *Access to Pretrial Documents Under the First Amendment,* 84 Colum.L.Rev. 1813, 1826 (1984); 8 Wright & Miller, *Federal Practice and Procedure, Civil* § 2119 (1970).

Finally, we refer to Utah Rule of Civil Procedure 26(c) and to its federal counterpart. The text of this rule strongly supports the contention that all filed deposi-

tions are publicly accessible, absent a showing of good cause as to why they should be kept secret. The Utah rule, like the federal rule, provides:

Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ...:

...;

(6) that a deposition after being sealed be opened only by order of the court.

Utah R.Civ.P. 26(c).

The Second Circuit discussed the federal version of 26(c) in *In re Agent Orange Product Liability Litigation,* 821 F.2d 139, 145–46 (2d Cir.), *cert. denied,* 484 U.S. 953, 108 S.Ct. 344, 98 L.Ed.2d 370 (1987):

A plain reading of the language of Rule 26(c) demonstrates that the party seeking a protective order has the burden of showing that good cause exists for issuance of that order. It is equally apparent that the obverse also is true, i.e., if good cause is not shown, the discovery materials in question should not receive judicial protection and therefore would be open to the public for inspection.... Any other conclusion would negate the good cause requirement of rule 26(c): Unless the public has a presumptive right of access to discovery materials, the party seeking to protect the materials would have no need for a judicial order since the public would not be allowed to examine the materials in any event.

*Id.* (citations omitted). Other courts have arrived at the same conclusion. *See, e.g., Tallahassee Democrat, Inc. v. Willis,* 370 So.2d 867, 870 (Fla.Ct.App.1979); *Thomson v. Cash,* 117 N.H. 653, 654, 377 A.2d 135, 136 (1977) (per curiam).

**7.** We note that the current Code of Judicial Administration provides that depositions shall not be filed with the court except in support or

opposition to motions or by order of the court for good cause shown. Utah Code Judicial Admin.R. 4–502(4) (1990).

On balance, thus, we find the authorities supportive of public accessibility for sealed, filed depositions, especially when considered in light of the Act's basic policy of openness. UP & L offers policy arguments that would support the conclusion that under certain circumstances depositions should not be available to the public until used in adjudication. It argues that the discovery process may be chilled, that it may become more complicated and burdensome, and that because deposition testimony has not passed the test of admissibility, the public may have access to irrelevant and prejudicial information. *See United States v. Anderson,* 799 F.2d 1438, 1441 (11th Cir.1986), *cert. denied sub. nom Tribune Co. v. United States,* 480 U.S. 931, 107 S.Ct. 1567, 94 L.Ed.2d 760 (1987); *Anderson v. Cryovac, Inc.,* 805 F.2d 1, 12 (1st Cir.1986); *In re San Juan Star Co.,* 662 F.2d 108, 115 (1st Cir.1981). While there is some merit to these arguments, the interplay of the Act and rule 26(c) suggests that many of UP & L's concerns can be accommodated in the context of protective order proceedings. To the argument that repeated resort to protective orders might require burdensome evidentiary findings and could lead to time-consuming interlocutory appeals, as was asserted in *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 29 n. 23, 104 S.Ct. 2199, 2209, n. 23, 81 L.Ed.2d 17 (1984), we respond that we have faith in the managerial abilities of trial judges in controlling discovery and in fashioning protective orders in those relatively few cases where such problems are likely to arise with any frequency. We also doubt the magnitude of the problem painted by UP & L. It seems unlikely that there is a widespread public interest in reading the result of many of the depositions that are the mainstay of a litigator's work in civil cases.

We conclude, as did Judge Christensen, that sealed, pretrial depositions which are filed with a court are presumptively public under the Act. Because UP & L did not make a protective order good cause showing, we affirm the trial court's order.

HOWE, A.C.J., and DURHAM, J., concur.

HALL, Chief Justice (dissenting):

I do not join the court in departing from the long-established common law of this state, which is that sealed, unpublished depositions do not become "judicial records" (subject to public inspection).[1]

At the trial level, an unpublished deposition is not available for use by anyone, including the court. For example, in considering motions for summary judgment, unpublished depositions are not available to the court.[2] Likewise, at trial, a party desiring to utilize the contents of a deposition must first move for its publication. Not until then does it become a part of the record. As observed in the main opinion, the same is also true on appeal. Unpublished depositions are not part of the record and are therefore unavailable for the court to review.[3]

Unpublished depositions simply are not "judicial records" within the contemplation of Utah Code Ann. §§ 78–26–1 to –8, nor are they "casefiles" made reference to in Utah Code of Judicial Administration, rule 4–1(1).

I would uphold the common law rule that depositions do not become public records until published and thereby used in the adjudication process.

STEWART, Justice (dissenting):

I dissent because I believe that the majority opinion departs from basic legal principles and allows destruction of important privacy interests of litigants and witnesses who are subjected to pretrial discovery measures.

1. *Bawden and Assocs. v. Smith,* 646 P.2d 711, 713 (Utah 1982); *Reliable Furniture Co. v. Fidelity and Guar. Ins. Underwriters, Inc.,* 14 Utah 2d 169, 380 P.2d 135, 135 (1963); *Thompson v. Ford Motor Co.,* 14 Utah 2d 334, 384 P.2d 109, 109 (1963); *Rosander v. Larsen,* 14 Utah 2d 1, 376 P.2d 146, 146 (1962).

2. *Reliable Furniture Co.,* 380 P.2d at 135; *Thompson,* 384 P.2d at 109.

3. *Thompson,* 384 P.2d at 109.

One who testifies on deposition is often subjected to a wide-ranging inquiry into a variety of highly private matters. Parties and witnesses in a lawsuit can be required to testify as to the most intimate details and activities of their lives. In divorce and custody cases, for example, the most prevalent type of civil litigation in our courts, litigants and witnesses may be required to testify concerning their sexual practices, habits, and preferences; financial affairs; business affairs; and relationships with their spouses, children, parents, and others, as well as past misdeeds and failures. Virtually nothing in one's life is safe from compelled disclosure once one becomes enmeshed in a lawsuit either as a party or as a witness. Exploration of such highly personal, private, and confidential matters often occurs in pretrial depositions, where the boundaries of relevancy are extremely broad. Unrestricted public access to deposition transcripts and other discovery materials could constitute a devastating intrusion on one's personal right of privacy and possibly irreparable loss of reputation and status.

The majority holds that there is a public right to inspect court records based on Utah Code Ann. §§ 78–26–1 and 78–26–2 of the Utah Public and Private Writings Act. Those sections provide a right to inspect and copy "public writings" of the state.[1] Specifically, the majority holds that "sealed, pretrial depositions which are filed with a court are presumptively public" under the Act, but that public access can be defeated by a protective order from the court based on good cause. There is nothing whatsoever in the Act that establishes a presumption, and a protective order may offer protection of some degree to a party, if one can be obtained. But the possible availability of a protective order to a witness is not much protection since the witness may never know that pretrial access to his or her deposition is sought.

The Public Writings Act provides right of access to documents that are "public writings." The definition of that term includes "[j]udicial records." The question is whether discovery materials not used in official judicial proceedings are "[j]udicial records." The general rule has long been that there is no right of access to pretrial discovery materials and that such materials are not public documents. One commentator has explained that a historical examination "reveals that the presumption of access to court records does not apply to pretrial documents." *Recent Development—Public Access to Civil Court Records: A Common Law Approach*, 39 Vand.L.Rev., 1465, 1494 (1986). A court in the last century explained: "The public have no rights to any information on private suits till they come up for public hearing or action in open court. . . ." *Park v. Detroit Free Press Co.*, 72 Mich. 560, 568, 40 N.W. 731, 734 (1888). Another commentator, having analyzed judicial precedent through 1983, stated: "[T]here is no persuasive legal support for an unfettered constitutional or common law right of general public access to civil discovery materials." Marcus, *Myth and Reality in Protective Order Litigation*, 69 Cornell L.Rev. 1, 29 (1983). The same authority stated: "[P]retrial proceedings are analytically distinct from actual trial proceedings for purposes of public disclosure and . . . material disclosed in private litigation, even if filed in court, is not presumptively public." *Id.* at 33 n. 136.

It is important to bear in mind that the Society of Professional Journalists, which seeks disclosure here, does not claim a constitutional right of access to pretrial discovery materials. Nor could it legitimately assert such a right. The United States Supreme Court has squarely held that there is no such right of access to pretrial discovery materials under the First Amend-

---

1. Utah Code Ann. § 78–26–1 (1987) provides:
   Public writings are divided into four classes:
   (1) Laws.
   (2) Judicial records.
   (3) Other official documents.
   (4) Public records, kept in this state, of private writings, which such records may be made by handwriting, typewriting, or as a

photostatic microphotographic, photographic, or similar reproduction of such private writings.
Utah Code Ann. § 78–26–2 (1987) provides:
   Every citizen has a right to inspect and take a copy of any public writing of this state except as otherwise expressly provided by statute.

ment. *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984). The words of former Chief Justice Burger, quoted by then-Judge Scalia of the United States Court of Appeals for the District of Columbia in *In re Reporters Committee for Freedom of the Press,* 773 F.2d 1325 (D.C.Cir.1985), are especially appropriate here:

> [D]uring the last 40 years in which the pretrial processes have been enormously expanded, it has never occurred to anyone, as far as I am aware, that a pretrial deposition or pretrial interrogatories were other than wholly private to the litigants.

773 F.2d at 1338 (quoting *Gannett Co. v. DePasquale,* 443 U.S. 368, 396, 99 S.Ct. 2898, 2914, 61 L.Ed.2d 608, 632 (1979) (Burger, C.J., concurring)). That is precisely what the United States Court of Appeals for the Eleventh Circuit in *United States v. Anderson,* 799 F.2d 1438 (1986), held in denying access to pretrial discovery in a criminal case. The court noted that voluntary discovery would be "chilled" if it were readily available to the press. 799 F.2d at 1441. The court stated:

> Discovery is neither a public process nor typically a matter of public record. Historically, discovery materials were not available to the public or press.... Moreover, documents collected during discovery are not "judicial records." Discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assumed that the sole purpose of discovery is to assist trial preparation.

799 F.2d at 1441 (citations omitted). *Accord Littlejohn v. BIC Corp.,* 851 F.2d 673, 679–80 nn. 13–14 (3d Cir.1988); *United States v. Beckham,* 789 F.2d 401, 411 (6th Cir.1986); *Ball Memorial Hosp., Inc. v. Mutual Hosp. Ins., Inc.,* 784 F.2d 1325, 1346 n. 2 (7th Cir.1986); *State ex rel. Bingaman v. Brennan,* 98 N.M. 109, 112, 645 P.2d 982, 985 (1982).

The majority attempts to support its conclusion by relying on the Utah Rules of Civil Procedure and the Rules of Judicial Administration. The majority relies on Rule 5(d) of the Rules of Civil Procedure, which states that all papers after the complaint which must be "served upon a party shall be filed" with the court, but that discovery materials need "not be filed unless on order of the court or for use in the proceeding." The latter phrase was added in recent amendments to the rules to relieve court clerks of the very large burden of having to store huge volumes of discovery materials, many of which are never actually used in litigation. If that rule is relevant at all, it tends to weigh in favor of the proposition that pretrial documents are not public writings.

The majority argues that filing is the "touchstone for public access," relying on the Advisory Committee's notes to Rule 5(d) of the Federal Rules of Civil Procedure. That is not a correct statement either of federal law or of Utah law. Indeed, it is at odds with a number of Utah cases that require more than simple filing for pretrial materials to be deemed part of a judicial record. Rule 30(f)(1) of the Utah Rules of Civil Procedure provides that a deposition should be sealed by the officer taking the deposition and filed "with the court in which the action is pending...." But depositions and other discovery materials may not be used even if filed in the trial court, unless they are presented to the trial court for use in a judicial proceeding or ordered published by the trial judge. *Bawden & Assocs. v. Smith,* 646 P.2d 711, 713 (Utah 1982); *Schubach v. Wagner,* 14 Utah 2d 335, 384 P.2d 110 (1963); *Thompson v. Ford Motor Co.,* 14 Utah 2d 334, 384 P.2d 109 (1963); *Rosander v. Larsen,* 14 Utah 2d 1, 376 P.2d 146 (1962). *See also Lundquist v. Kennecott Copper Co., Inc.,* 30 Utah 2d 262, 269, 516 P.2d 1182, 1186 (1973) (Ellett, J., dissenting). *Reliable Furniture Co. v. Fidelity & Guaranty Insurance Underwriters, Inc.,* 14 Utah 2d 169, 380 P.2d 135 (1963), stated that depositions which were not published or presented to the trial court were "not in the record before the trial court." 14 Utah 2d at 170, 380 P.2d at 135. *See also Augustine v. First Fed. Sav. & Loan Ass'n of Gary,* 270 Ind. 238, 241, 384 N.E.2d 1018, 1020 (1979) ("We hereby hold that publication of a deposition is still required in order to place a deposition before the court....").

Under a recent amendment to Rule 32(d) of the Utah Rules of Civil Procedure, a formal order of publication is no longer necessary to admit a deposition to the record. Now a deposition need only be used in a hearing or at trial to be deemed part of the official record. The actual use of a deposition in a judicial proceeding is therefore the equivalent of an order of publication, but that does not alter the proposition that prior to use, a deposition is not a public document.

The media rely on Rule 26(c)(6) of the Utah Rules of Civil Procedure, which provides authority for a court to "seal" depositions, but that does not support the media's proposition that depositions that are *not* subject to a protective order are public documents. The purpose of Rule 26(c)(6) is simply to provide a way for a court to protect all or part of a deposition from public disclosure, irrespective of whether the deposition becomes part of the judicial record. For example, trade secrets and other sensitive information in a deposition subject to a protective order continue to be subject to that order even after the deposition is published.

The majority asserts that the cases are evenly split in terms of supporting or opposing the proposition that unpublished depositions are public documents. In truth, the majority simply selects a few cases on both sides and then declares an even split. That does not begin to give an accurate view of the state of the law. Note 4 of the majority opinion cites four cases which it states "support ... the position that filed depositions are public...." An examination of those cases reveals that several do not support the majority's view. For example, the majority cites *Wilson v. American Motors Co.*, 759 F.2d 1568 (11th Cir.1985), but does not recognize that the opinion states: "We shall apply the standard set out in *Newman* [*v. Graddick*, 696 F.2d 796, 802 (11th Cir.1983)]: '*We do not hold that every ... deposition ... in a case of this kind must be open to the public.*'" 759 F.2d at 1571 (emphasis added). The majority's reliance on *Ocala Star Banner Corp. v. Sturgis*, 388 So.2d 1367, 1371 (Fla.Dist.Ct.App.1980), is plainly misplaced. That case states that "once the deposition is taken, transcribed and filed in the court file, there is a right of access" by the public in the absence of a protective order. However, that statement must be read in conjunction with Rule 1.310(f)(3) of the Florida Rules of Civil Procedure which, unlike the Utah Rules, states that a deposition may be filed "only ... when the contents of the deposition must be considered by the court." Similarly, the final case cited by the majority, *Sanders v. Drane*, 432 S.W.2d 54 (Ky.Ct.App.1968), states that "depositions *required* to be filed ... under CR 30.06(1) become public records...." Other cases cited by the majority as generally supporting the proposition that filed depositions are completely open to public inspection must be read in light of local rules, a process in which the majority fails to engage. *E.g.*, *C.P.C. Partnership Bardot Plastics v. P.T.R., Inc.*, 96 F.R.D. 184 (E.D.Pa.1982). *But see* Rule 24(c), Federal Local Court Rules (E.D.Pa.).

Clearly, once depositions are used in a judicial proceeding, their status changes and they become part of the public judicial record, unless subject to a protective order. The cases cited by the majority for the proposition that discovery depositions are public documents simply have to be read in light of that general rule. The United States Supreme Court recognized in *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984), that discovery depositions are part of a "private process." The Court stated:

Moreover, pretrial depositions and interrogatories are not public components of a civil trial. Such proceedings were not open to the public at common law, *Gannett Co. v. DePasquale*, 443 US 368, 389, 61 L Ed 2d 608, 99 S Ct 2898 [2910] (1979), and, in general, they are conducted in private as a matter of modern practice. See id., at 396 [99 S.Ct. at 2913] ... (Burger, C.J., concurring); Marcus, Myth and Reality in Protective Order Litigation, 69 Cornell L Rev 1 (1983). Much of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying

cause of action. Therefore, restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information.

467 U.S. at 33, 104 S.Ct. at 2214 (footnote omitted).

*Trail Mountain Coal Co. v. Arco Coal Sales Co.*, 749 P.2d 637 (Utah 1988), does not contradict the position asserted here. In *Trail Mountain*, this Court held that the work product privilege did not apply to depositions and that depositions needed for use in other litigation could be discovered. *Trail Mountain* rests on the law enunciated by the United States Supreme Court in *Ex Parte Uppercu*, 239 U.S. 435, 36 S.Ct. 140, 60 L.Ed. 368 (1915), which determined that "absent a question of privilege a litigant who needs court records that may be of evidentiary value to his case cannot be denied access to them, even though they were sealed by the court in a different proceeding." Note, *Nonparty Access to Discovery Materials in the Federal Courts*, 94 Harv.L.Rev. 1085, 1093 (1981). The right to depositions asserted in *Trail Mountain* is not a right enjoyed by the press and public generally.