Rockingham
No. 98-476

CHARLES G. DOUGLAS, III

v.

CAROLINE G. DOUGLAS

March 29, 2001

*Charles G. Douglas, III*, of Concord, on the brief and orally, *pro se*.

*Caroline G. Douglas*, of Concord, *pro se*, filed no brief.

*Orr & Reno, P.A.*, of Concord (*William L. Chapman* and *Gayle M. Braley* on the brief, and *Mr. Chapman* orally), for the intervenor, the Associated Press.

MOHL, J., superior court justice, specially assigned under RSA 490:3. The plaintiff in this divorce proceeding, Charles G. Douglas, III, appeals the Superior Court (*Coffey*, J.) decision that the financial affidavits filed by the parties in accordance with Superior Court Rule 158 be disclosed subject to redactions. We modify in part and affirm as modified.

The pleadings support the following facts. In this divorce case, records filed by both parties were sealed in accordance with a broad confidentiality order issued earlier in the proceedings. Additionally, the parties filed financial affidavits in accordance with Superior Court Rule 158 and, at least by implication, requested that the affidavits be sealed. The defendant, Caroline G. Douglas, later withdrew her request to seal her financial affidavit. The Associated Press intervened and petitioned for access to court records, including the financial affidavits under seal.

After hearing, the superior court found that disclosure of the financial affidavits was governed by *Petition of Keene Sentinel*, 136 N.H. 121, 130 (1992), and ruled that they be made accessible to the public. Certain information contained in the affidavits regarding clients of the parties' law practice, the children of the parties and bank and credit card information was ordered redacted. The plaintiff appeals the trial court's order.

The plaintiff contends that: (1) filing financial affidavits under seal in accordance with Superior Court Rule 158 constitutes a special circumstance which, unless there is some overriding public interest, exempts them from disclosure; (2) sensitive, private financial information should be protected from unnecessary disclosure; and (3) the risk of identity theft supported nondisclosure in this case.

The plaintiff first argues that Superior Court Rule 158 should preclude access to financial affidavits maintained under seal. He cites *Thomson v. Cash*, 117 N.H. 653 (1977), and *Petition of Keene Sentinel*, 136 N.H. 121, for the proposition that filing affidavits under seal in accordance with Rule 158 constitutes a special circumstance exempting them from disclosure. Further, he asserts that Rule 158 shifts the burden of proving that the special circum-

stance is outweighed by some overriding public interest to the party seeking disclosure.

■■ Pursuant to Superior Court Rule 158, a party's financial affidavit, upon written request, is placed in a sealed envelope and "shall not be opened except by permission of the Court." Nothing in Rule 158 supports the proposition that financial affidavits are exempt from public disclosure or that the Rule overrides the procedures and standards set forth in *Petition of Keene Sentinel*, 136 N.H. at 130, for determining whether to disclose such documents. The plain language of the Rule does not mandate nondisclosure or indicate that sealed affidavits present a special circumstance exempting them from disclosure. The Rule simply provides an administrative procedure whereby parties may request the clerk of the court to seal their financial affidavits unless opened by permission of the court. The Rule is not, as the plaintiff asserts, "an explicit device for maintaining the confidentiality" of the information contained in financial affidavits. *Cf.* RSA 169-B:35 (1994) (juvenile delinquency proceedings and records are confidential and subject to explicit procedures and rules governing disclosure).

Contrary to the plaintiff's argument, our decision in *Thomson v. Cash*, 117 N.H. 653, does not support the contention that Superior Court Rule 158, in and of itself, is a special circumstance or somehow mandates nondisclosure. In *Thomson*, a party's deposition was sealed under Superior Court Rule 35C, which provided "that a deposition, after being sealed be opened only by order of the court but only on a showing of good cause." *Id.* at 654. In ruling that the deposition be disclosed, we found that the party seeking nondisclosure failed to meet his burden of demonstrating that a private right was endangered by disclosure. *See id.* Had invocation of Rule 35C, in and of itself, constituted a special circumstance warranting nondisclosure, we would not have ruled that the party seeking nondisclosure failed to meet his burden of proof. *See id.* In sum, regardless of Superior Court Rule 35C's administrative provisions regarding the sealing of a deposition, we looked to the interests at stake in balancing whether to allow disclosure.

■■ Here, Superior Court Rule 158 allows for sealed affidavits to be opened by permission of the court. The Rule is less restrictive than Rule 35C, as it leaves the decision to disclose the affidavit entirely in the hands of the court without reference to a standard such as "good cause." *See* SUPER. CT. R. 158. As in *Thomson*, it is not the invocation of the administrative procedures of Rule 158 that guides disclosure, but the balancing of particular interests. We turn

to *Petition of Keene Sentinel* for "the procedures and standards to be used when a member of the public or the media seeks access to sealed court records." *Petition of Keene Sentinel*, 136 N.H. at 130.

In *Petition of Keene Sentinel*, we held that

under the constitutional and decisional law of this State, there is a presumption that court records are public and the burden of proof rests with the party seeking closure or nondisclosure of court records to demonstrate with specificity that there is some overriding consideration or special circumstance, that is, a sufficiently compelling interest, which outweighs the public's right of access to those records.

*id.* at 128. Here, the trial court properly balanced the parties' competing interests during an *in camera* hearing and ordered the financial affidavits be made public. In doing so, the court, cognizant of the privacy interests of the parties, ordered certain information redacted. Further, the court correctly placed the burden of proof upon the plaintiff who sought nondisclosure of the affidavits. We find no error in the trial court's decision. We add, however, that a party's social security identification number is of no particular public interest, and such information should be redacted to guard against any potential misuse.

The plaintiff's remaining arguments lack merit and warrant no further discussion. *See Vogel v. Vogel*, 137 N.H. 321, 322 (1993).

*Modified in part; affirmed as modified.*

DUGGAN, J., concurred; BARRY and O'NEILL, JJ., superior court justices, specially assigned under RSA 490:3, concurred.