**Jackie STANLEY, III, Appellee,**

v.

**Major O. L. HENDERSON et al., Appellants.**

**No. 78–1801.**

United States Court of Appeals, Eighth Circuit.

Jan. 29, 1979.

Rehearing Denied April 5, 1979.

---

John B. Peace, of Davidson, Plastiras, Horne, Hollingsworth & Arnold, Little Rock, Ark., on brief for appellee, Jackie Stanley, III.

Bill Clinton, Atty. Gen. and James E. Smedley, Asst. Atty. Gen., Little Rock, Ark., on brief for appellants, Major O. L. Henderson, et al.

Before BRIGHT, HENLEY and McMIL-LIAN, Circuit Judges.

### ORDER

This case presents a rather unusual problem arising under 28 U.S.C. § 1915 relating to proceedings in the federal courts in forma pauperis, 28 U.S.C. § 753, which is the Federal Court Reporter's Act, and F.R.A.P. 24, which relates to appeals in forma pauperis. The question presented is whether a poor person who has prevailed in the district court is entitled in connection with an appeal by the losing party to a copy of the transcript of the proceedings in the district court for use by his attorney in defending the judgment of the district court.

Jackie Stanley, III, an inmate of the Cummins Unit of the Arkansas Department of Correction, filed a "§ 1983 suit" for damages against certain employees of the Department, including Major O. L. Henderson. Stanley was permitted to proceed in forma pauperis. The case was tried to Chief District Judge G. Thomas Eisele of the Eastern District of Arkansas without a jury, and Stanley recovered a substantial although not a large judgment. The defendants have appealed, or at least Major Henderson has appealed. The appellants have ordered and obtained a transcript of the short trial that was conducted in the district court.

Appointed counsel for appellee have now requested that they be provided at government expense with a copy of the transcript for use in connection with their representation of Stanley as appellee.

28 U.S.C. § 753(b) requires a federal court reporter to file with the Clerk of the District Court without charge a copy of every transcript of proceedings prepared by the reporter. And § 753(f) provides, among other things, that fees for transcripts furnished in proceedings other than criminal or habeas corpus cases or cases brought under 28 U.S.C. § 2255 "to persons permitted to appeal in forma pauperis shall . . . be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)."

It will be observed that the statute does not in terms provide for a poor person who has won his case in the district court to receive a transcript or copy thereof at government expense for use in connection with resisting an appeal by his opponent in the district court.

28 U.S.C. § 1915(a) authorizes prosecution or defense of an appeal by a pauper without prepayment of costs and fees and subsection 1915(e) obviously contemplates both prosecution and defense in its provision that "if the United States has paid the cost of a stenographic transcript or printed record for the prevailing party, the same shall be taxed in favor of the United States."

Similarly, F.R.A.P. 24 speaks in terms of parties who may desire to proceed on appeal in forma pauperis without in any way limiting such proceedings to appellants.

We are aware that counsel for an appellee may be permitted to examine in the office of the Clerk of the District Court the copy of the transcript that the court reporter is required to file under the provisions of § 753(b), or perhaps that the Clerk of the District Court may be directed to make a copy of the copy of the transcript lodged in his office.

But to us it seems unreasonable and incongruous to permit a person who has been

permitted to proceed in the district court in forma pauperis and who has lost his case and has appealed to be provided with a transcript at government expense, while denying a copy of the transcript for appellate use to an indigent who has won his case.

We do not think that counsel for the appellee in such a case, who may be serving without compensation, should be put to the trouble of going to the local clerk's office to examine the transcript there on file, or that the Clerk of the District Court should be put to the trouble and expense of making a copy of the copy on file in his office. In short, we hold that the statutory scheme authorizes preparation of transcripts and copies thereof for indigent appellees.

Accordingly, we certify that the appeal is not frivolous, we grant appellee's motion for copy of the transcript without payment of cost; we order that an official court reporter for the Eastern District of Arkansas supply to counsel for appellee a copy of the transcript and we direct that the cost thereof be paid by the United States as it would be if supplied to and for an indigent appellant.