**Albert J. KINAN,**

v.

**CITY OF BROCKTON MASSACHU-SETTS, et al.**

**Civ. A. No. 83–3834–Mc.**

United States District Court, D. Massachusetts.

Oct. 3, 1986.

Robert L. Hernandez, Boston, Mass., for plaintiff.

Gerard McAuliffe, Quincy, Mass., for defendants.

Robert Payton, Brockton, Mass., for City of Brockton.

John J. O'Brien, Frank A. Smith, III, Herlihy & O'Brien, Boston, Mass., for City of Brockton and Edward Cronin.

MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS OF DEFENDANT, CITY OF BROCKTON (# 138)

ROBERT B. COLLINGS, United States Magistrate.

The defendant, City of Brockton, (hereinafter, "the defendant") noticed the depositions of the plaintiff and three other witnesses. Pursuant to Rule 30(c), F.R.Civ.P., the defendant requested that the officer taking the depositions transcribe them. The plaintiff ordered a copy of the first day of his own deposition but did not order copies of the second day of his deposition or any of the three other depositions.

Evidently, the parties waived the filing of the depositions and, as a result, only an original transcription was made of the second day of the plaintiff's deposition and the depositions of the three witnesses. The originals were furnished to counsel for the defendant who retains them.

■ The plaintiff has presumably paid for his copy of the first day of his deposi-

tion and received it. He now desires copies of the transcripts of his second day of deposition and the depositions of the three witnesses. He seeks an order from the Court pursuant to Rule 37(a)(2), F.R.Civ.P., compelling defendant's counsel to produce copies of these transcripts to him, the defendant having refused to provide copies pursuant to a request for production of documents pursuant to Rule 34, F.R.Civ.P. In an argument that has a superficial logical consistency, he claims that the transcripts are "documents ... which are within the [defendant's] possession, custody and control" as those terms are used in Rule 34(a), F.R.Civ.P., and are clearly discoverable as being "matter, not privileged, which is relevant to the subject matter involved in the pending action" as provided in Rule 26(b)(1), F.R.Civ.P.

Plaintiff's argument, however, is, on a closer examination of the Federal Rules of Civil Procedure, without merit. The reason is that the rules contain an explicit provision governing the obtaining of copies of depositions. Rule 30(f)(2), F.R.Civ.P., provides:

> Upon payment of reasonable charges therefor, the officer shall furnish a copy of the deposition to any party or to the deponent.

In my opinion, this provision precludes a party from employing the procedures of Rules 34 and 37, F.R.Civ.P., to obtain copies of depositions taken in the case from another party who has ordered transcripts and received them upon payment of the applicable fee.

Accordingly, the motion to compel will be denied to the extent that it seeks an order requiring the defendant to produce copies of the transcripts to the plaintiff.

■ Plaintiff's motion prays that if the Court does not compel the defendant to provide copies of the transcripts, the Court grant alternative relief by requiring that " ... Defendant make available the aforementioned deposition transcripts for inspection and copying by Plaintiff." Plaintiff's Motion, Etc. (# 138) at p. 2. This request

raises the issue of plaintiff's access to the original transcripts of the depositions which are currently in defendant's counsel's possession.

Rule 30(f), F.R.Civ.P., provides, in pertinent part, as follows:

(1) The officer shall certify on the deposition that the witness was duly sworn by him and that the deposition is a true record of the testimony given by the witness. *Unless otherwise ordered by the court*, he *shall* then securely seal the deposition in an envelope indorsed with the title of the action and marked "Deposition of [here insert name of witness]" and shall promptly *file* it with the court in which the action is pending or send it by registered mail or certified mail to the clerk thereof for filing.

\* \* \* \* \* \*

(3) The party taking the deposition shall give prompt notice of its filing to all other parties.

Emphasis supplied.

The provisions of Rule 30(f) are mandatory. The original deposition *must* be filed in Court unless the Court orders otherwise. In the absence of a Court order, the parties may *not* dispense with this requirement by executing a waiver of the filing requirement.

In the instant case, there has been no order of the Court which permitted the parties or the officer taking the depositions to dispense with the requirement of filing them in Court. Although Rule 5(d), F.R.Civ.P., allows the Court to enter such an order, the docket reveals that no such order was issued in the instant case. Similarly, the depositions were taken before July 1, 1986 when Local Rule 16(g) was promulgated which provides for the non-filing of discovery documents.

It follows that the officer or officers before whom the depositions were taken must forthwith file the originals in Court pursuant to Rule 30(f), F.R.Civ.P. Counsel

for the defendant will be directed to provide the original transcripts to the officers and instruct the officers to comply with Rule 30(f), F.R.Civ.P., forthwith.

Once the depositions are filed, they may be inspected by counsel for the parties regardless of whether or not counsel has previously ordered a copy of the transcript. *C.P.C. Partnership Bardot Plastics, Inc. v. P.T.R., Inc.*, 96 F.R.D. 184, 185–86 (E.D. Pa., 1982). In addition, the Local Rules for this Court provide that once filed, they also may be copied. Rule 14(b)(1) of the 1980 version of the Local Rules which were effective until July 1, 1986 provided:

*Opening of depositions.* After being filed, unless the court directs otherwise, (1) Depositions pending action taken pursuant to Rule 26, Federal Rules of Civil Procedure, may be opened by the clerk and made available for inspection *and copying* on request of counsel for any party to the proceeding or by a party appearing *pro se.*

Emphasis supplied.

Local Rule 15(b)(1) (eff. 7/1/86) contains a similar provision.

It reads:

If filed, unless the court directs otherwise, depositions pending action taken pursuant to Rule 26, Federal Rules of Civil Procedure, may be opened by the clerk and made available for inspection *and copying* on request of any party or counsel for any party in the proceeding.

Emphasis supplied.

In sum, absent a court order (either in the individual case or by local rule) which allows an officer before whom a deposition is taken to dispense with the filing requirements of Rule 30(f), F.R.Civ.P., an officer taking a deposition in a civil case pending in a federal court must comply with Rule 30(f), F.R.Civ.P., even if the parties indicate that they waive the filing requirement. The filing requirement is not able to be waived by the parties; only the Court can allow a dispensation from the requirement.

Pursuant to the Local Rules of this Court, once filed, counsel for a party may copy the transcript.

Accordingly, it is ORDERED that:

(1) Counsel for the defendant FORTHWITH deliver the originals of the transcripts of the second day of plaintiff's deposition and the depositions of Henry Kaiser, Jose Avelar and William Hunnewell and a copy or copies of the within Memorandum And Order to the officer or officers before whom the depositions were taken.

(2) Upon receipt from counsel for the defendants, the officer or officers before whom the second day of the plaintiff's deposition and the depositions of Henry Kaiser, Jose Avelar and William Hunnewell were taken in the above-styled case FORTHWITH comply with the provisions of Rule 30(f), F.R.Civ.P., by securely sealing the deposition or depositions in an envelope indorsed with the title of the above-styled action and marked "Deposition of [here insert name of witness]" and filing the depositions with the United States District Court for the District of Massachusetts either in person or by sending the deposition or depositions by registered or certified mail to the Clerk of said Court for filing.

(3) The Clerk, upon receipt of said transcripts, shall file the depositions and open the depositions and make them available for inspection and copying on request of any party or counsel for any party to the proceeding pursuant to Local Rule 15(b)(1) (eff. 7/1/86).

It is FURTHER ORDERED that the Plaintiff's Motion To Compel Production Of Documents Of Defendant, City Of Brockton (# 138) be, and the same hereby is, ALLOWED to the extent that the Court has issued the above Order and that Plaintiff's Motion, Etc. (# 138) be, and the same hereby is, otherwise DENIED.