FILED
United States Court of Appeals
Tenth Circuit

August 21, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED TRANSPORTATION
UNION LOCAL 1745; ROBERT C.
GUTIERREZ, Chairman; JOHN D.
HUNTER, President; JOHN BARNES;
ANTHONY CHAVEZ; DAVID
LOVATO; DOROTHEA MONTANO;
JACOB ROMERO; DALE J
PADILLA; LEROY SAAVEDRA;
PATRICIA SANDOVAL;
MOTORCOACH OPERATORS;
ERLINDA ANTILLON; JOHN
ARMIJO; ANGELO BACA; PETER
BACA; JOHN ROBERT BAZAN;
JOHN BOTTYLISO; JOHN
BOULDIN; CAROL C BRADY;
SHELLY ALEXIS BURLINGAME;
SAMUEL CASTILLO; AUGUST C
CHAVEZ; DENNIS CHAVEZ;
VICTOR T CHAVEZ; SANDRA
CLARK LUCERO; FRANK M
CONCINI; RICHARD L
DEBEULIEU; RAYMOND L.
DIMAS; RICHARD DUBRIEL;
ORLANDO S. DURAN; CHARLES
FERNANDEZ; ERIC GANDY; EARL
GARCIA; ERNESTINE GARCIA;
FREDERICK GARCIA; GENE R.
GARCIA; JOHNNY GARCIA;
JOSEPH R. GARCIA; MANUEL
GARCIA; PETE GARCIA; ROSIE I.
GARDUNO; RUBEN R. GAYTAN;
JOHN E. GINAN; JOHNNY
GONZALES; JOHNNY B.
GONZALES; GAYLENE S. GRIEGO;
JAMES HERNANDEZ; DAVID A.
HERRERA; MARY HERRERA;
TIM HERRERA; PHILIP L.

No. 08-2103
(D.C. Nos. 1:96-cv-00716-WFD-ACT
& 1:99-CV-00208-WFD-ACT)
(D. N.M.)

HOWARD; PRECILLA M. JARAMILLO; FRANK J. LA VIERA; JOSEPH LINTON; ISAAC LOPEZ; ELMER D. LUCERO; LEO A. LUCERO; DIANA M. MARQUEZ; CHARLIE MARTINEZ; FRANK MC AFREE; MARK MCDONOUGH; JAUN A. MEJIAS; GLENN MILLER, JR.; ANTHONY DON MILLET; ISMAEL F. MONTANEZ; ALEX S. MONTOYA; SADIE C. MONTOYA; JOSE R MORA, JR.; JEFF NICKELSON; DOUGLAS M. NUANEZ; PETE NUNEZ; CHARLES OSMAN; EDWARD T. OTERO; JOANN A. OTERO; RONALD OTERO; ATANACIO M. PACHECO; PAUL PADILLA; CYNTHIA S PEREA; JOE A. RODARTE; DAVID A. SANCHEZ; TRINNIE SANCHEZ; ANTONIO SILVA; ANTHONY SIMOES; ANSELUP G. SMITH; SHIRLEY STACY; MICHAEL TEGADO; LOUIS TEITELRIS; JEFF VALENCIA; VICTOR VEGA; STEVE W. WRIGHT; BEN D. ABEYTA; RICHARD T. ADAMS; ERIC AMES; PRISCILLA ARCHULETA; LARRY BACA; BETTY JO BROOKS; AUGUSTINE E. CHAVEZ; H. ANTHONY CHAVEZ; MARY LOU GRIEGO; DON E. MAXEY; RUEBEN MONTOYA; JOSEPH A. ORTIZ; CHERYL I. PARRETT; RUMALDO RAMIREZ; ALEX RUIZ; JERRY SANCHEZ; JESUS SANTIAGO; ALDRINA SISNEROS; VICTOR D. SOLTERO; MARGARITA D. TREVINO; JUAN J. ARMIJO; OLYMPIA J. ESQUIVEL; GILBERT

-2-

A. GARCIA; LAWRENCE H. JOHNSON; MARY M. SCHALL; MICHAEL TOYA; ERNEST M. VARGAS; ROBERT M. WHALEN; JOHNNY AGUILAR; EDWARD R. CHAVEZ; ROY W. FREITAG; WILLIE D. GILES; LAWRENCE B. GOMEZ; MICKEY GRIEGO; DANIEL MAEZ; ANGELO M. REYES; BUDDY L. RIVERA; JUAN SILVA; EDWARD L. TAYLOR; ORLANDO TORRES; DENNIS ZAMORA; JOHNNY MONTOYA; EPIMENIO MARTINEZ; EUGENE PEREA; NICK RAMIREZ; MEREWYN B. SLAG; ANDY TORRES; SCOTT S SWANSON; ROGER A. TAPIA; DELVIN VILLAVICENCIO; HUGH ZEMEK; MAX ARAGON; LEROY J. ARCHULETA; JESSICA BACHICHA; TODD BARTLETT; GEORGE E. BOOKER; NICK D. CANDELARIA; CURTIS CHAVEZ; DION R. CONEY; TONY CORRIZ; PHILLIP J. GALLEGOS; LUIS GARCIA; ANGEL M. GOMEZ, III; ROBERT HERNANDEZ; MIKE GOMEZ; MICHAEL A. SANCHEZ; LAWRENCE J. PACHECO; DANIEL R. OTERO; SAM ORTIZ; PAUL MARTINEZ; LEROY A. ORTEGA,

       Plaintiffs,

v.

CITY OF ALBUQUERQUE; MARTIN
CHAVEZ, Mayor; LAWRENCE
RAEL, Chief Administrative Officer,

        Defendants-Appellees,

PAUL LIVINGSTON,

        Attorney-Appellant.

---

## ORDER AND JUDGMENT[*]

---

Before **O'BRIEN**, **McCONNELL**, and **TYMKOVICH**, Circuit Judges.

---

This appeal involves a dispute over payment for transcripts of proceedings in this case. A court reporter prepared the transcripts and delivered the originals to defendant City of Albuquerque, which paid the reporter for them. An attorney obtained copies of the transcripts through a public-records request. The district court decided the reporter was entitled to be paid for the copies obtained from the City of Albuquerque. It erred.

---

[*]     Only Attorney-Appellant Livingston has actively participated in this appeal. After examining his brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

-4-

A thorough recitation of the complex procedural history of this case would serve more to obscure than to inform our discussion of the insular matter before us. We will therefore narrowly focus on only those facts immediately relevant to our disposition. The appellant, attorney Paul Livingston, represented plaintiffs in an action against the City of Albuquerque, Mayor Martin Chavez, and Chief Administrative Officer Lawrence Rael for unpaid overtime under the Fair Labor Standards Act (FLSA). The district court appointed a Special Master to conduct hearings, for which Jennifer Bean served as court reporter. After the City ordered and paid for original hearing transcripts prepared by Ms. Bean, plaintiffs asked the Special Master to direct the City to file copies with the court clerk, so that plaintiffs could access them without having to obtain copies from Ms. Bean at higher cost. When the Special Master refused, plaintiffs used New Mexico's Inspection of Public Records Act, N.M. Stat. § 14-2-1 to 14-2-12, to obtain copies directly from the City.

Ms. Bean and the City complained to the district court, which ordered plaintiffs to "pay reasonable court reporter's fees for any copies of transcripts that they desire the use of." Aplt. App. at 18. The court also imposed a lien "on any subsequent recovery by Plaintiffs for damages and/or attorney's fees [available in FLSA actions under 29 U.S.C. § 216(b)]," to secure payment of any reasonable fee owed to Ms. Bean pursuant to its order. *Id.* at 11.

At that point, the amount of the reporter's fee (and hence the lien securing it) was left open-ended in two respects: (1) the fee had to be "reasonable," and (2) it applied only to "copies of the transcripts that [plaintiffs] desired use of" in the course of the litigation against the City. Thus, when the lien was imposed to cover the reporter's fee, it was not known what transcripts would be involved or what the court would approve as a reasonable fee for them. This is an important procedural point, in that orders imposing liability for fees, sanctions, and the like are not final until the amount of the liability is determined. *See, e.g.*, *Am. Soda, LLP v. U.S. Filter Wastewater Group, Inc.*, 428 F.3d 921, 924-25 (10th Cir. 2005); *Turnbull v. Wilcken*, 893 F.2d 256, 258 (10th Cir. 1990).

The parties eventually settled the FLSA suit, but left the issue of attorney fees for further negotiation. Ms. Bean did not seek to enforce her lien against the proceeds plaintiffs obtained in settlement of their FLSA claims. The amount of the fee owed to her (and hence the value of the lien) remained undetermined.

Later, the attorney fee claim was settled for $175,000—made payable directly to Mr. Livingston rather than to plaintiffs. Ms. Bean sought to enforce her lien against that award. The City was directed to deposit a portion of the proceeds into the court registry, and both Bean and Livingston moved for release of the funds to them. The court ultimately ordered payment of $4,159.02 to Bean. Livingston then commenced this appeal, challenging Bean's entitlement to a fee for transcript copies she did not prepare.

## Livingston's Standing to Appeal

"Counsel have standing to appeal from orders issued directly against them, but not from orders applicable only to their clients." *Uselton v. Commercial Lovelace Motor Freight, Inc.*, 9 F.3d 849, 854 (10th Cir. 1993) (citation omitted). In FLSA actions, this court has held that "[a]n order awarding or denying attorney fees is an order applicable to the client, not the client's counsel." *Weeks v. Indep. Sch. Dist. No. I-89*, 230 F.3d 1201, 1213 (10th Cir. 2000)*; see also Bennett v. Coors Brewing Co.,* 189 F.3d 12121, 1238 (10th Cir. 1999) (noting § 216(b) "expressly provides for a *plaintiff* to recover attorneys' fees). Thus, as a general matter, counsel lacks standing to appeal orders regarding such fees. *Weeks*, 230 F.3d at 1213, *see also Manning v. Astrue*, 510 F.3d 1246, 1252 (10th Cir. 2007) (noting only client has standing to apply for fees under EAJS). But, after a party asserts and secures the right to a fee award, he may assign the right to counsel, *Pony v. County of Los Angeles*, 433 F.3d 1138, 1144 (9th Cir. 2006) (discussing *Venegas v. Mitchell*, 495 U.S. 82, 87-88 (1990)); *see also Manning*, 510 F.3d at 1252, who then acquires a legally cognizable interest in collecting the proceeds.

By the time Ms. Bean's claim was finally resolved and ordered paid out of the attorney-fee award from the City, that award had become the property of Mr. Livingston. Undeniably, the order requiring satisfaction of Bean's fee out of the sum directly payable to Livingston was an order issued directly against him,

from which he has standing to appeal. Moreover, under the familiar "merger rule," under which prior interlocutory rulings merge into an appeal from the final order in which they culminate, *see Med. Supply Chain, Inc. v. Neoforma, Inc.*, 508 F.3d 572, 575 (10th Cir. 2007); *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1221 n.10 (10th Cir. 2006), Livingston's appeal from the final disposition of Bean's claim encompassed the earlier orders holding Bean would be entitled to a reporter's fee and securing that obligation by imposing a lien on any future award of damages or attorney fees obtained in the case. It is therefore proper to consider Livingston's objections to these antecedent rulings.

## Merits of Livingston's Appeal

We have found no authority to justify requiring plaintiffs, and derivatively their attorney, Mr. Livingston, to pay a fee to a court reporter for a transcript copy the reporter did not make but, rather, that they legally obtained from another source by independent means. On the contrary, both broad principle and particular holdings undermine the notion that court reporters may demand a "missed fee" whenever someone obtains a copy of a transcript that can be traced back to an original transcript the reporter had made—and was paid for making—for someone else.

In broad terms, Ms. Bean's fee claim rests on the tacit premise that court reporters in some legal sense own the content of the transcripts they prepare, such that they are entitled to remuneration whenever a copy of a transcript is made

-8-

(even if they played no role in making the copy). To accept this premise would effectively give court reporters a "copyright" in a mere transcription of others' statements, contrary to black letter copyright law. *See* 2 William F. Patry, *Patry on Copyright*, Ch. 4 Noncopyrightable Material, § 4.88 (Updated Sept. 2008) (court reporters are not "authors of what they transcribe and therefore cannot be copyright owners of the transcript of court proceedings").

And there is a line of cases holding that transcripts independently accessed (such as by simply requesting the case file from the court clerk[1]) may be viewed and copied as an alternative to purchasing a copy from the court reporter. *See Kinan v. City of Boston*, 112 F.R.D. 206, 208 (D. Mass. 1986); *Hawley v. Hall*, 131 F.R.D. 578, 583 (D. Nev. 1990); *C.P.C. P'ship Bardot Plastics, Inc. v. P.T.R., Inc.*, 96 F.R.D. 184, 185 (E.D. Pa. 1982); *see also Stanley v. Henderson*, 590 F.2d 752, 753 (8th Cir. 1979) (noting counsel may obtain copies of appeal transcript from clerk); *Schroer v. United States*, 250 F.R.D. 531, 535-37 (D. Colo. 2008) (rejecting, under post-2000 Rules (*see supra* note 1), party's effort to require immediate filing of transcript with clerk to enable informal copying, not because copying is improper but because party failed to justify burdening the

---

[1]    Prior to the amendment of Federal Rules of Civil Procedure 5(d) and 30(f) in 2000, transcripts were filed with the court clerk as a matter of course unless the court ordered otherwise. The default procedure under the amended version of the rules was for the reporter to give original transcripts to the ordering party who filed them with the court only if and when they were used at trial or in support of pretrial motions. *See generally Schroer*, 250 F.R.D. at 534 n.1, 535.

court with filing of as-yet-unused transcripts).  These cases undercut Ms. Bean's claim to compensation for transcript copies independently obtained from the City under New Mexico's Inspection of Public Records Act.[2]  And if she was not entitled to compensation, she was not entitled to a lien on plaintiffs' (ultimately Livingston's) attorney fee recovery to secure payment of such compensation.[3]

Accordingly, the district court's order directing distribution of registry funds to Ms. Bean is REVERSED and the matter is REMANDED for further proceedings consistent with this order and judgment.

Entered for the Court

Terrence L. O'Brien
Circuit Judge

---

[2]     We emphasize the independent means by which plaintiffs obtained the transcript copies here, because the same authorities cited above sanctioning such means also hold that a party cannot compel an opposing party to produce copies through discovery in the same case in which the transcripts were made.

[3]     Reporters retain considerable institutional advantages as to transcripts. They are assured payment of a fairly lucrative fee for the originals requested by an ordering party under 28 U.S.C. § 753(f).  Copies they prepare and certify are also official records of the proceeding, *id.*, § 753(b), and thus valuable as the "best evidence" of what transpired, *City of Pittsburgh v. Simmons*, 729 F.2d 953, 955-56 (3d Cir. 1984).  And recently the Judicial Conference of the United States issued a policy that prohibits for a period of 90 days any copying or downloading (from a court's PACER system) of transcripts filed with the clerk, Report of the Proceedings of the Judicial Conference of the United States, Sept. 18, 2007, at 11-12, *available at* www.uscourts.gov/judconfindex.html, which affords reporters a captured market of those in need of transcripts in shorter time frames.

*United Transp. v. City of Albuquerque*, No. 08-2103

**McCONNELL**, J., concurring.

I concur in the judgment on the ground that the appellee Jennifer Bean, did not file an appellate brief, and therefore waives any arguments she might have in response to appellant Paul Livingston's claims. Mr. Livingston makes a facially plausible case that the district court lacked authority to enter the order requiring him to pay for the transcripts. Ms. Bean offers nothing to counter that case.

This decision should not, however, be interpreted as precedent (even of the purely persuasive unpublished sort) that parties can avoid payment for reporter transcripts in cases involving a governmental party simply by requesting those transcripts under a public records act. There has been no adversary presentation of argument on that issue.