*Cochran v. Northeastern Vermont Regional*, No. 66-3-13 Cacv (Manley, J., April 1, 2015)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | CIVIL DIVISION |
| Caledonia Unit | Docket No. 66-3-13 Cacv |

| | |
|---|---|
| Tammy Cochran, Estate Of Allen Cochran, Plaintiffs<br><br>v.<br><br>Northeastern Vermont Regional, Stanley Baker, Defendants | **DECISION ON MOTION** |

Plaintiff Tammy Cochran seeks to compel discovery from Defendants Northeastern Vermont Regional Hospital ("NVRH") and Stanley Baker, M.D., pertaining to their expert witnesses. Rule 37 of the Vermont Rules of Civil Procedure ("V.R.C.P.") permits motions to compel when, as alleged in this case, a party has failed to respond to document requests or to answer interrogatories. V.R.C.P. 37(a)(2). The Court addresses each category of Plaintiff's complaints regarding Defendants' failure to respond to discovery requests, in turn.

### *Plaintiff's Requests to Produce*[1]

Plaintiff moves to compel production of copies of the transcripts of depositions obtained by Defendant Baker in the course of litigation, arguing that she is entitled to copies of "all documents" reviewed by Defendant Baker's experts prior to preparation of his opinion, pursuant to V.R.C.P. 26. Rule 26 provides that:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. V.R.C.P. 26(b)(1).

The provisions regarding trial preparation further provide that communications between the party's attorney and an expert witness are not protected if those communications "identify facts or data that the party's attorney provided and that

---

[1] Defendant Northeastern Vermont Regional Hospital ("NVRH") has adopted the expert witness disclosures made by Defendant Baker. Accordingly, to the extent that Plaintiff moves to compel both defendants to produce documents with respect to their expert witnesses, this analysis applies to both Defendants Stanley Baker and NVRH.

the expert considered in forming the opinions to be expressed." V.R.C.P. 26(b)(4)(C)(ii). Plaintiff contends that based upon this provision, Defendant Baker is required to provide a copy of any documents provided to his expert witness to review and or rely upon in forming his opinion. However, Rule 26(b)(4)(C)(ii) clearly pertains to a specific type of unprotected communication and does not set forth any production requirements. Rule 26(b)(3), concerning materials prepared in anticipation of litigation or for trial further requires that a party seeking discovery show substantial need of the materials and that the party is unable to obtain "without undue hardship" the "substantial equivalent" of the materials by other means. To the extent that Rule 26(b)(3) applies, Plaintiff has not made such a showing.

In any event, V.R.C.P. 30, which pertains to depositions upon oral examination, governs the transcription thereof, and thus is controlling with regard to requests for copies of transcripts. See *Kinan v. City of Brocton Mass.*, 112 F.R.D. 206, 207 (D.Mass. 1986). While not explicit, the Rule 30 provisions appear to place responsibility for obtaining copies of deposition transcripts into the requesting party's hands. First, V.R.C.P. 30(e) states that when the testimony in a stenographic deposition is fully transcribed, "the deposition *shall* be submitted to the witness for review unless such review is waived by the witness and the parties." (emphasis added). While Plaintiff points to this provision to emphasize that she and the other deponents have not been provided with copies of transcripts, nothing in the statute indicates that the party that obtains the initial transcripts is required to furnish the opposing party or other deponents with copies. On the other hand, V.R.C.P. 30(f)(2), which states that, "[u]pon payment of reasonable charges therefor, the officer shall furnish a copy of the transcript or other recording of the deposition to any party or to the deponent," contemplates that a party will seek a copy of a deposition transcript, and imposes a fee for such copy. Rule 30 (along with Rule 26) is based on the federal discovery rules as amended effective July 1, 1970. V.R.C.P. 26, Reporter's Notes. Various federal courts have held that this provision precludes a party from employing Rules 34 and 37 of the Federal Rules of Civil Procedure to obtain copies of depositions taken in the case from another party who has obtained transcripts upon payment of the applicable fee.[2] See, e.g., *Schroer v. U.S.*, 250 F.R.D. 531 (D.Colo. 2008); *Kinan*, 112 F.R.D. at 207. The Court likewise concludes that

---

[2] Rule 34 pertains to production of "documents and things" and entry upon land for inspection and other purposes and provides, in part, that "Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect, copy, test, or sample any designated documents or electronically stored information--including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained --translated, if necessary, by the respondent into reasonably usable form, or to inspect and copy, test, or sample any designated tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served . . . "

Plaintiff may not circumvent the procedural and fee requirements of Rule 30(f)(2) by conclusorily invoking Rule 26.

Moreover, Plaintiff acknowledges that she already has in her possession, at the least, the transcript of her own deposition. While she asserts that she did not receive this transcript until after she had filed her motion to compel on January 16, 2015, Defendants note that she was in possession of the transcript prior to that date. In support of this assertion, Defendants refer to the deposition of one of Plaintiff's expert witnesses, David Hile, taken on January 13, 2015, who stated that he had reviewed Plaintiff's deposition prior to his own deposition. See Defendant NVRH Opposition, Ex. A., p. 17 ln 11, p. 20, ln 23-25, p. 21 ln 1. The Court infers from the witness's access to Plaintiff's deposition that Plaintiff provided her witness with a copy of the transcript and is well aware of the procedure for obtaining deposition transcripts. To the extent that any of the documents sought by Plaintiff are duplicative of materials already in her possession, Defendant Baker need not produce them. See *Chester v. Weingarten*, No. 2751005, 2011 WL 10980782 (Vt. Sup. Ct. Aug. 10, 2011) (defendant not required to produce materials that they did not possess or that the plaintiff already had in his possession); *Gilmore v. Palestinian Interim Self-Government Authority*, 8 F.Supp.3d 1, 4 (D.D.C. 2014) (denying the plaintiff's motion to compel, in part, because the documents were duplicative of materials already in the plaintiff's possession); *Bartley v. Isuzu Motors Ltd.*, 158 F.R.D. 165 (D. Colo. 1994) (plaintiff not required to provide defendant with documents that the court determined should already have been in defendant's custody).

Plaintiff additionally requests "a detailed summary of each communication with Defendant Baker's disclosed experts." Rule 26(b)(3) protects communications between the party's attorney and his or her expert witnesses, with the exception of three types of communications, one described above. The other two are communications relating to compensation for the expert's study or testimony and those identifying assumptions provided by the party's attorney and that the expert relied on in forming his or her opinions. V.C.R.P.26(c)(ii), (iii). The Court finds Plaintiff's general request for every communication between Defendant Baker and his disclosed experts to be overbroad and devoid of any rationale as to the necessity of such a request.

In light of the provisions under Rules 26 and 30, as well as the decisions of both local trial courts and courts of federal jurisdiction, Plaintiff's motion to compel with respect to Plaintiff's requests to produce is DENIED.

### *Plaintiff's Interrogatories*

Plaintiff additionally asserts that Defendant Baker's supplemental responses to her interrogatories are deficient. She again raises Defendant Baker's failure to "identify and attach a copy of each and every document your expert reviewed prior to returning his/her opinion and or report." Notwithstanding the general

scope of discovery set forth in Rule 26(b)(1), Rule 26(b)(4)(A)(i), limits discovery related to experts, providing that:

> A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the *subject matter on which the expert is expected to testify*, and to state th*e substance of the facts and opinions as to which the expert is expected to testify* and a *summary of the grounds for each opinion.*

V.R.C.P. 26(b)(4)(A)(i) (emphasis added).  Additionally, Rule 26(b)(4)(A)(iii) provides that:

> A party may obtain by request for production or subpoena any final report of the opinions to be expressed by an expert who has been identified in an answer to an interrogatory posed pursuant to subparagraph (A)(i) as an expert whose opinions may be presented at trial, as well as the basis and reasons for the opinions and any exhibits that will be used to summarize or support them.

To the extent that Plaintiff reiterates her request for documents and such request amounts to a request for copies of deposition transcripts in Defendant Baker's possession, the motion to compel is denied based on the reasons previously outlined.  Plaintiff acknowledges that Defendant Baker has provided a list of documents that have been provided to his experts.  If Defendant Baker's experts were to have prepared final reports as to their opinions to be expressed, Rule 26(b)(4)(A)(iii) would require Defendant Baker to provide a copy of those reports, along with any exhibits used to support them.  However, given Defendant Baker's assertion that his experts have not prepared any reports, no documents are required with regard to the experts at this time.

Further, these provisions are not intended to permit one party to build his case out of another's witnesses.  V.R.C.P. 26, Reporter's Notes.  Rather, the purpose of Rule 26(b)(4)(A)(i) is to allow a party to "garner enough information to make a choice about whether and how to take a deposition[.]"  *Stella ex rel. Estate of Stella v. Spaulding*, 193 Vt. 226 (2013).  In general, the purpose of discovery is to "make a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent."  *Meacham v. Kawasaki Motors Corp.*, 139 Vt. 44, 46 (1980) (quotation omitted); see also *Smith v. Central Vermont Hosp., Inc.*, 177 Vt. 640. 668-69 (2004) ("the purpose of liberal discovery rules is 'the prevention of surprise to one's opponents'").

Plaintiff does not allege that Defendant Baker has failed to state the subject matter or substance of the facts and opinions on which his experts are expected to testify, or that Defendant Baker has failed to provide a summary of the grounds for each opinion.  Instead, Plaintiff contests Defendant Baker's failure to disclose "prior legal actions which the expert has testified in, prior instances

where an expert has rendered a report for an attorney or insurance company regarding the evaluation of a patient's condition relative to a claim for personal injuries, workers' compensation claims or medical malpractice claim or the annual income and source of income reported by each expert." None of these subjects fall within the scope of Rule 26(b)(4)(A)(i). "Under our discovery rules a party may compel its opponent to identify the experts that it intends to call at trial, the subject matter on which the expert is expected to testify, and the grounds for the expert's opinion." *Lamell Lumber Corp. v. Newstress Intern, Inc.*, 182 Vt. 282, 295 (2007) (citing V.R.C.P. 26(b)(4)(A)(i)).

Similarly, to the extent that Plaintiff continues to seek a response to interrogatory 34,[3] posed to both defendants, there are no provisions under Rule 26 requiring Defendants to respond to that interrogatory, and Plaintiff offers no support as to such requirement. Because Plaintiff does not point to any outstanding interrogatories which properly fall within the scope of Rule 26(b), the motion to compel with respect to her request for further responses to the interrogatories is also DENIED.

Electronically signed on April 01, 2015 at 04:37 PM pursuant to V.R.E.F. 7(d).

_____
M. Kathleen Manley, Superior Judge

---

[3] The interrogatory (Interrogatory 34 for Defendant Baker and Interrogatory 30 for Defendant NVRH), states, "If you, or any of your employees, agents and experts disagree with any of the statements contained in Allen Cochran's death certificate, or contend that the cause of death as indicated in the death certificate is incorrect, please state each statement that you disagree with, the reason for the disagreement, what you believe and contend the statement disputed should be, and what you claim was the proximate cause of the death of the late Allen Cochran."